# AUGUSTUS EBERT *vs.* HARRY N. GITT.

*Rights of Bona Fide Holder of Promissory Note Insufficiently Stamped Under the Act of Congress of 1898—Notice of Defect in Title of Endorser—Demurrer.*

At a time when the Act of Congress of June 13th, 1898, requiring internal revenue stamps to be affixed to promissory notes, etc., was in force, a note insufficiently stamped was made by the defendant and delivered to the payee who, acting beyond his authority, transferred the same to the plaintiff. There was no consideration for the note between the original parties. The plaintiff took the note in the usual course of business, before maturity, for a valuable consideration and without actual notice of the defect in the payee's title. The omission of the proper amount of revenue stamps was through inadvertence, without any intent to defraud the revenue, and when plaintiff took the note he was not aware that it was insufficiently stamped. Subsequently the proper amount of stamps was affixed to the note in accordance with the statute. *Held*, that the fact that the note was insufficiently stamped did not operate to charge the plaintiff with notice of the equities attaching to the note in the hands of the payee, but that the plaintiff being a *bona fide* holder for value is entitled to recover against the maker, the note having been admitted in evidence without objection.

In an action on a promissory note not properly stamped under the Act of Congress of 1898, requiring internal revenue stamps to be affixed to notes, a demurrer to the declaration does not raise the question as to the right of the plaintiff to maintain an action on such note.

Appeal from the Circuit Court for Frederick County, (McSHERRY, C. J.)

The cause was argued before FOWLER, BRISCOE, PAGE, BOYD, SCHMUCKER and JONES, JJ.

*Fred. J. Nelson,* for the appellant, submitted the cause on his brief.

*John S. Newman,* for the appellee.

Jones, J., delivered the opinion of the Court.

In this case the appellee sued the appellant in an action of

*assumpsit* in the Court below—the cause of action being a promissory note which appears in the record as follows :

"$600.00                 *Frederick, Md.*, May 22nd, 1900.

"Six months *days* after date we promise to pay to the order of L. M. Alleman, six hundred————————00-100 dollars at——————Value received.

B. EBERT & SONS."

Endorsed.   L. M. ALLEMAN.

| U. S. Revenue Stamps 6 cts. Cancelled June 3, 1900. First National Bank, Hanover, Pa. | U. S. Rev. Stamps 12 cts. cancelled. H. M. Cramer, Deputy Collector, April 19, 1901. |
|---|---|

Note duly stamped by H. M. Cramer, D. C. Int. Rev.

April 19, 1901.

The *narr.* contained seven counts, the first of which was upon the promissory note and alleged that the same had been endorsed by the payee, Alleman, to the appellee.   The remaining counts were the usual common counts.   The appellant, who signed the note and was sued by the name of B. Ebert & Sons, demurred to the first count of the *narr.* and to the others pleaded the general issue.   The demurrer was overruled by the Court below whereupon the appellant pleaded the general issue to the first count.   The case was submitted to the Court for trial without a jury and the facts were agreed upon as follows.   L. M. Alleman, who is mentioned as payee in the note sued on, was indebted to the appellant, who was doing business under the name of B. Ebert & Sons, in the sum of about $8,000, and that the appellant about the time of the date of the note, through his agent, sought Alleman and made the effort to get from him a payment on account ; that failing in this the agent asked Alleman if he should give him (Alleman) the notes of the appellant whether he could get them discounted ; that Alleman replied to this "Yes, have them made in small denominations and I will take them to the bank, have them discounted and remit you the money at once ;" that the appellant made out five

notes in denominatons of $600 and $700; that one of these notes is the one sued on in this case; that these notes were sent to Alleman at Littlestown, Penna.; that no consideration was given for any of these notes; that Alleman informed the agent of the appellant that he (Alleman) could get only one of the notes discounted—the banks refusing to discount the four other notes; that Alleman then said to the agent it was useless to do anything with the notes and directed him where to get them; that this was between the 25th and 31st of May, 1900; that the agent forgot the notes and neglected to get them; that the agent called on Alleman several times after this and demanded the notes, one of which was the note in suit in this case, but was met with excuses, and failed to have them delivered to him; that finally the agent recovered two of the notes but failed entirely to recover the other two; that one of these latter was the note here sued on, which Alleman, in the early part of June, 1900, without the knowledge or consent of the appellant or of his agent, endorsed to the appellee to be discounted and credited to Alleman on account of loans of money made by the appellee to Alleman on the 23rd of March and 21st of May, 1900; that the appellee accordingly had the note discounted at a bank in Hanover, Penna., and credited Alleman's account with the proceeds; that the note was forwarded by the bank at which it was discounted to a bank in Frederick, Md., where the appellant resided, for collection and was returned protested, whereupon the appellee paid the note to the bank at Hanover and retained the same unpaid to the time of suit brought; that appellee had no knowledge at the time the note was endorsed and passed to him by Alleman of how the latter came into possession of it, and knew of no business relation existing between Alleman and appellant except what the note indicated; and did not know that the note was without consideration as between the maker and payee; that at the time the note came into the posession of the appellee it was insufficiently stamped according to the requirement of the United States Internal Revenue Act, having on it stamps only to amount of six cents which the appellee at the

time overlooked ; that no fraud was intended, by the failure
to sufficiently stamp the note, upon the Internal Revenue Act,
which, as to the requirement for stamping promissory notes,
was repealed June 30th, 1901 ; and that the appellee prior to
bringing suit on the note had the same restamped as appears
from the endorsement on the note.

It further appeared that on January 14th, 1901, the appel-
lant filed in the Circuit Court for Frederick County a bill in
equity against the appellee and his attorney alleging the facts
and circumstances in relation to the execution and delivery of
the note here sued on ; that it was without consideration ;
that the appellant had demanded a return of the note to him
prior to its being endorsed to the appellee ; that the appellee
had received the note with knowledge that it was without
consideration ; and that he had placed the same in the hands
of the attorney, who was made his co-defendant, for the pur-
pose of having suit brought on the same.    It was also charged
that at the time the note was executed and delivered to
Alleman and when it was endorsed to the appellee it had not
been duly stamped under the Act of Congress and was there-
fore "invalid and of no effect    *    *    that is to say ; through
mistake or inadvertence, and without any intent to defraud the
government of the United States, an insufficient amount of
stamps were put on said note which fact was well known to"
the appellee.    The bill closed with a prayer for an injunction
to restrain the appellee from prosecuting suit on the note ; and
that the note be ordered to be brought into Court to be can-
celled, and for general relief.

The answer of the defendants to this bill denied all knowl-
edge of what had occurred in reference to the note in ques-
tion between the maker and the payee thereof, and averred
that the appellee was a *bona fide* holder of the note for value
and without notice of any defect of title in Alleman, the en-
dorser.    As to the insufficient stamping of the note the answer
averred that this was overlooked at the time the appellee ac-
quired title to the note and denies that such insufficient stamp-

ing of the note made the same "invalid and of no effect" as charged by the appellant in his bill.

Testimony was then taken in this case in equity and the Court in disposing of the case passed upon all the questions raised upon the pleadings, and held that it had been shown that the appellee was a *bona fide* purchaser and holder of the note in question, and had acquired title to the same for value and before maturity of the note ; and that under the proof in the case the note in question was not invalid by reason of not being sufficiently stamped at the time it was acquired by the appellee. The Court then passed a decree dissolving the preliminary injunction that had been granted in the case and dismissing the bill of complaint—the decree reciting that the decree was "in accordance with the opinion" of the Court.

In the case at bar the appellant set up against the action of *assumpsit*, as a defense thereto, the same matters which were alleged by him as grounds for application for the injunction in the equity suit and which were there passed upon by the Court in disposing of that case. The appellee here contends that these matters of defense are *res adjudicata* from having been passed upon in the equity suit, and that the decree in the equity suit is in itself a complete defense to the present action. As we think the judgment below must be affirmed upon other grounds going more to the merits of the controversy here we will not extend this opinion by discussing this question of *res adjudicata*.

Upon the admitted facts in the case, which have been recited, the appellant submitted to the Court below a prayer in which the Court was asked to rule that if the Court, sitting as a jury, should find the facts appearing in evidence in reference to the origin of the note sued on ; how it came into the possession of Alleman, the payee ; the acts of Alleman in retaining possession of and transferring the note to the appellee ; that the note was so transferred to the appellee for a valuable consideration "and that said note, at the time it was so transferred, was not duly stamped as required by the Act of Congress of June 13th, 1898, not having adhesive stamps denoting

the proper amount of tax thereon, as required by said Act of Congress, that then said plaintiff (appellee), is chargeable with notice of the equities attaching to said note in the hands of said Alleman ; and is not entitled to recover on it in this action." This prayer the Court below rejected and the appellant made this action of the Court the subject of the only exception appearing in the record.

The questions presented by the record are as to the propriety of the action of the Court below in overruling the appellant's demurrer to the first count of the appellee's *narr. ;* and in its rejection of the instruction asked for by the appellant which is the ground of the exception just referred to. There was no error in either of these rulings. The contention of the appellant in support of the demurrer is that the note declared upon in the first count of the *narr.* shows upon its face that at the time of its issue it was not properly stamped in accordance with the requirements of the United States Internal Revenue Act (Act of Congress, June 13th, 1898); and though it was subsequently stamped with the proper amount of stamps (as also appears on its face), the omission to properly stamp the note at the time of its issue was not thereby cured, because, it is alleged, the provision of the Act of Congress in question permitting, under the conditions therein mentioned, an instrument to which a stamp was made requisite and from which the prescribed stamp or stamps had been omitted at the time of its issue to be subsequently stamped, did not embrace or apply to a promissory note ; and if the said provision did so apply, then the note shows upon its face that the requirements of the provision with respect to subsequent stamping were not observed. And this being so, it is argued that the count upon the note in the *narr.* is open to demurrer, because the United States Internal Revenue Act provides that an instrument required thereunder to be stamped when not duly stamped or when it bears a deficient stamp shall not be admissible in evidence in any Court, until a legal stamp or stamps denoting the amount of tax shall have been affixed thereto as prescribed by law.

We need not stop to have reference to, or to consider the effect, as to this question, of, the repeal *pro tanto*, of the Internal Revenue Act which has been referred to in the evidence; nor how far the provisions of the Act of Congress, here in question, can be invoked to control the action of the Courts of a State as to giving effect to, or admitting as evidence instruments of writing required by the Act to be stamped when the requirements of the Act in this regard have not been observed. It is sufficient to say that in whatever other mode, if any at all, the question intended to be raised by the demurrer we are considering may be effectively or appropriately raised it cannot be so raised by demurrer. A demurrer only goes to the sufficiency of the pleading which it assails. Here the count in the *narr.* which is demurred to shows upon the face of it a good cause of action. Whether the averments of the *narr.* can be sustained by proper and admissible evidence or not is a question that arises, not upon the pleadings, but at a subsequent stage of the proceeding. The note declared upon is no part of the pleadings and is not brought to the view of the Court by demurrer. It is true that in this case the note was filed with the *narr.*, but this was not essential to the maintenance of an action upon the note by the plaintiff. It was to enable the plaintiff to avail of the provisions for obtaining speedy judgment or trial under the Act of 1888, ch. 185. Code Pub. Loc. Laws, Art. 11, title Frederick County, secs. 65 to 75. To make a defective stamping of an instrument, which is the cause of an action in a suit, a subject of demurrer would be to require that the fact of proper stamping of the instrument should appear by averment in the pleading. The Act of Congress in question does not in terms impose this or require it as an essential to a recovery upon an instrument which may be sought to be made a cause of action ; and to which a stamp is made requisite. There are conditions in which the omission to stamp an instrument as required, renders it, by the terms of the Act, " invalid and of no effect." This is where the omission is with intent to evade the law and defraud the government. *Wingert* v. *Ziegler*, 91 Md. 318.

In other conditions it is provided that an instrument not duly
stamped shall not be admissible in evidence until it is so
stamped. The stamp required to be attached to an instru-
ment evidencing a contract is something *dehors* the contract
itself. The stamp is no part nor element of the contract and
for that reason there is no principle of pleading which requires
that in setting out and describing a contract as a cause of ac-
tion there should be any averment in respect to the stamp. In
the absence therefore of an express requirement by competent
authority that such averment must appear in the pleading there
can be no necessity or propriety for making it so appear. We
have been made aware of no practice which recognizes such
necessity or propriety ; or which would sanction the raising
by demurrer of such question as is sought to be so presented
here. There is, however, express and high authority to the
contrary. *Campbell* v. *Wilcox*, 10 Wall. 421; *Trull* v. *Moulton*,
12 Allen, 396; *Owsley* v. *Greenwood*, 18 Minn. 429.     · ·

The prayer, to the refusal of which exception was taken by
the appellant which presents the only other question in the
case, asserts the proposition that if the other facts therein set
out to be found by the Court as proven, then, as matter of
law, the finding of the further fact that the note sued on was
not, at the time of its transfer to the appellee (plaintiff below)
duly stamped, as required by the Act of Congress of June
13th, 1898, in not having upon it adhesive stamps denoting
the proper amount of tax thereon, as required by said Act, is
sufficient to charge the appellee "with notice of the equities
attaching" to the note in the hands of Alleman from whom he
acquired it ; and to disentitle the plaintiff below (appellee
here) to recover in this action. The error of this proposition
is manifest. It is argued that the proposition of the prayer
is correct because the plaintiff must have known that the
note by reason of the defect of the stamping was not ad-
missible in evidence, and that there was no provision of law to
cure this defect. Whether the note was admissible in evi-
dence or not is a question of law and not of fact. If it was
not admissible in evidence the appellee's knowledge on the

subject was not at all material.    The question of its admissibility, if appropriately presented, would have been determined without reference to the appellee's knowledge in that regard and without reference to his knowledge of facts which might affect his right of recovery upon the note.    The note was in evidence and this was the fundamental fact upon which the prayer of the appellant which is being considered was based. If when the note was offered in evidence the question of its admissibility had then been raised this question would have been settled, and ought to have been so settled if the question was to be raised at all.    This Court cannot now upon this record treat the question of the admissibility of the note in evidence.

Proof of the note established *prima facie* the right of the plaintiff to recover upon it.    When the circumstances attending the origin of the note and its transfer to the plaintiff (appellee) were made to appear in evidence the burden of proof was put upon him to show that he acquired title to the note in the usual course of business before maturity, for a valuable consideration and *bona fide.    Totten* v. *Bucy,* 57 Md. 452; *Williams* v. *Huntington,* 68 Md. 590; *McCosker* v. *Banks,* 84 Md. 292, and cases there cited (see page 297.)    Whether the plaintiff in any case gratifies this burden of proof is a deduction from the facts and circumstances in evidence.    It is not perceived how it can be predicated of any one circumstance, as matter of law, which the prayer in question does, that it is sufficient to prove notice of infirmity of title by which negotiable paper is held.    Especially is it not perceived how the particular fact relied upon in the prayer in question to have such effect could give notice here to the appellee (plaintiff below) of the circumstances attending the origin and the fraud in the transfer of the note here in suit.    At best it could only be a circumstance to excite suspicion and lead to inquiry, and could only be allowed such probative force, as reflecting upon the question of notice, as might attach to it in connection with other evidence.    In *Totten* v. *Bucy, supra,* it was said : "The transferee of the note was not bound to show that he had acted vigilantly or even cautiously in inquiring into the origin

and history of the instrument, in order to sustain his position
as *bona fide* holder for value.    The question is not what facts
the knowledge of which will or will not be sufficent to put
the party on inquiry ; but the question is, whether the party
had knowledge of the infirmity of the note at the time of the
transfer to him ; or in other words, whether he procured the
note in good faith for valuable consideration."    This state-
ment of the law was cited and reaffirmed in the case of *Wil-
liams* v. *Huntingtan*, *supra*, where it was also said, adopting
the language of the U. S. Supreme Court, "Suspicion of de-
fect of title, or the knowledge of circumstance which would
excite suspicion in the mind of a prudent man, or gross negli-
gence on the part of the taker, at the time of the transfer, will
not defeat his title.    That result can be produced only by bad
faith on his part."    And in the case of *Cover* v. *Myers*, 75 Md.
406, a prayer granted by the Court below was approved by
this Court which affirmed that "merely supicious circumstan-
ces sufficient to put a prudent man upon inquiry or even gross
negligence on the part of the plaintiff at the the time of the
purchase and delivery of said note, are not sufficient of them-
selves to prevent a recovery by the plaintiff, unless the jury
find from the evidence that in taking said note the plaintiff
acted in bad faith."

Now in this case the proof, in the facts admitted, shows
that the appellee acquired title to the note in suit in the usual
course of business, before maturity, for a valuable considera-
tion, and without any actual notice of any infirmity in the
title of Alleman, the payee, who transferred it to him.    It also
appears from the proof that the omission of the proper
amount of stamps from the note was not due to any attempted
fraud upon the Revenue Act of the U. S. Government.    In
the bill filed by the appellant in the equity case, which has
been referred to, there appears the express averment that
"through mistake or inadvertence, and without any intent to
defraud the Government of the United States, an insufficient
amount of stamps were put on said note."    It is further ad-
mitted as a fact that at the time of the transfer of the note in suit

to him, the appellee "overlooked the fact that the note was insufficiently stamped." There was therefore proof going to establish every requisite to sustain the title of the appellee to the note in controversy. The prayer under consideration ignored all of this proof and, in effect, asserted that in spite of it if the note in suit was insufficiently stamped at the time of its transfer to the appellee this single circumstance disentitled him to recover because he was thereby charged "with notice of the equities attaching to the note in the hands of Alleman," the payee . This legal proposition is plainly at variance with the law as we have found it to be.

As has been already said there was no error in either of the rulings of the Court below which are presented here for review and its judgment will be affirmed.

*Judgment affirmed with costs to appellee.*

(Decided June 17th, 1902.)