HOWARD F. MARTINDALE V. S. A. STOTLER.

No. 15,934.

NEGOTIABLE INSTRUMENTS—*Innocent Purchaser—Notice.* The evidence held not to justify a finding that a purchaser of a negotiable note had notice of a defense.

Error from Lyon district court; FREDERICK A. MECKEL, judge. Opinion filed April 10, 1909. Reversed.

*R. M. Hamer,* and *W. C. Harris,* for the plaintiff in error.

*L. B. Kellogg, John Madden,* and *C. M. Kellogg,* for the defendant in error.

*Per Curiam:* It is impossible to say whether the verdict rests upon the defense of alteration, or the one including fraud, or want of consideration and notice. There is no evidence of notice. The authority of Fist to take notes, as the one in suit was taken, is not in question. That he was an agent, that the note was taken in a matter connected with his agency, and that it was taken in his own name, did not put the indorsee on inquiry respecting any defenses the maker might have. The indorsee could not tell that the note had been altered from its appearance. Perhaps the jury concluded it had not been altered. It is a common thing to make erasures and interlineations in contracts before signature and delivery, and so far as the abstract and evidence show nothing striking or unusual appeared on the face of this one. It was not important who canceled the revenue stamp, and a cancelation by another than the maker, whose initials were used, was not a suspicious circumstance. Fist was not a stranger in the sense of the quotation appearing in *Kennedy v. Gibson,* 68 Kan. 612, and the fact that the note sold was that of a farmer does not justify an inference of bad faith on the part of the purchaser. Nothing else putting the purchaser on inquiry is urged in the brief or appears in the abstracts. The court erred in submitting to the jury the defense, including notice to the purchaser, and its judgment is reversed and the cause is remanded for a new trial.