*Erwin, Rucker & Erwin,* contra.

---

8363. LISENBY *et al. v.* CONSOLIDATED GROCERY CO.

JENKINS, J. 1. The bill of exceptions, as amended, is not subject to the motion to dismiss, made on the ground that it fails to show proper parties as plaintiffs in error. Civil Code (1910), § 6184.

2. While the character and sufficiency of the circumstances which would place a prudent man upon his guard, so as to constitute notice, in purchasing negotiable paper, are to be determined as questions of fact by the jury, and not as questions of law by the court (*Park* v. *Buxton,* 10 *Ga. App.* 356, 73 S. E. 557), still the evidence introduced for that purpose must have some actual probative value; and thus, where a note sued on, as introduced in evidence, has the required revenue stamp properly affixed and cancelled, and the maker testifies merely that such

stamping and cancellation were not done by himself at the time the note was executed,. but does not show that such was not ·his own or . authorized act prior to its transfer, or that at the time of its as- signment the purchaser of the note had knowledge of such original de- ficiency, the circumstance sworn to could not in any wise tend to put the purchaser on notice of a possible defense to the obligation. 8 C. J. 514, note (h); Ebert v. Gitt, 95 Md. 186 .(52 Atl. 900); Martindale v. Stotler, 80 Kan. 87 (101 Pac. 629). The direction of a verdict for plaintiff was therefore not erroneous.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*

Decided September 19, 1917.

Complaint; from Irwin superior court—Judge George. De- cember 16, 1916.

*Homer Oxford,* for plaintiff in error.

*McDonald & Bennett,* contra.