Owsley v. Greenwood.

## JOHN J. OWSLEY

### *vs.*

## SAMUEL D. GREENWOOD.

A revenue stamp is no part of a note; so that the fact that it does not appear from a settled case (which assumes to set out a copy of a *note* only) that said note was stamped, does not prove that it was not stamped, and in the absence of evidence to the contrary the presumption is that the revenue law was complied with, and the proper stamp affixed accordingly.

The note in this case was in these words:  " One year from date for value received I promise to pay to C. B. Hackney two hundred dollars, without interest.  Red Wing, April 20, 1868." (Signed, &c.)  *Held*, that interest from April 20, 1869, at 7 per cent. per annum, was properly allowed upon said note as damages for the detention of the money after due.

Testimony in the case examined with reference to the point that the verdict is not justified by the evidence.

Plaintiff brought this action in the district court for Goodhue county, to recover the amount due upon a promissory note made by the defendant.  The answer alleged in substance, among other things, that the note was procured by one Hackney, (the payee mentioned therein) by fraud and deceit, and that defendant never received any consideration therefor, and that plaintiff, to whom the note was transferred after maturity, had notice of such fraud and deceit and want of consideration. Upon the trial of the action a verdict was rendered for the plaintiff.  Defendant moved for a new trial, which was granted,

and from the order granting the same the plaintiff appealed to this court. The questions presented by the appeal are sufficiently stated in the opinion.

PHELPS, TABER & SMITH, for Appellant.

J. C. McCLURE, for Respondent.

*By the Court.*—BERRY, J.—This is an action upon a promissory note. The answer sets up want of consideration. A verdict having been rendered in favor of the plaintiff, defendant moved for a new trial, on general grounds of errors in law, and because the verdict is contrary to law and evidence. The new trial was granted, though for what reason or upon what ground does not appear. We are unable to discover any upon which it should have been granted.

I. Defendant claims that it was properly granted, because the note, the reception of which in evidence was objected to, was unstamped. Without stopping to consider what the effect of the want of a revenue stamp would have been, or whether any objection on account of the want of a stamp was properly taken, the point made is effectually disposed of by the fact that there is nothing upon the record to show that the note was not properly stamped. The stamp is no part of the note; so that the fact that it does not appear from the settled case (which assumes to set out a copy of the *note* only) that the note was stamped, does not prove that it was not stamped, and in the absence of evidence to the contrary the presumption is that the revenue law was complied with, and the proper stamp affixed, accordingly. *Thayer vs. Barney,* 12 *Minn.* 513; *Smith vs. Jordan,* 13 *Minn.* 271; *Cabott vs. Radford et al.,* 17 *Minn.* 320.

II. The note was in these words: " One year from date

for value received I promise to pay to C. B. Hackney two hundred dollars without interest. Red Wing, April 20th, 1868. (Signed) S. D. Greenwood." The verdict was entirely right in allowing interest from April 20th, 1869, at the rate of seven per cent. per annum, *as damages* for the detention of the money after it was due. The provision of statute that " all contracts shall bear the same rate of interest after they become due as before, if it clearly appears therefrom that such was the intention of the parties," ( *Gen. St. ch.* 23, *sec.* 1,) has no application (as defendant contends it has) to a case where the contract calls for no interest before due ; or what is the same thing, in effect, provides, as in this instance, that there shall be no interest before due ; and where interest is allowed, as in this verdict, not as interest, strictly speaking, but as damages.

III. The making of the note by defendant, plaintiff's ownership of the same, and the fact that no part of it had been paid, being admitted, plaintiff was entitled to a verdict, unless defendant established his defence of want of consideration, as this was the only defence upon which he seemed to place any reliance. In defendant's testimony in chief he says : " I never had or received any consideration whatever for making or delivering it ;" (the note) but on cross-examination he says : " It was a patent right note. I was to have the right to manufacture and sell a patent churn in certain territory in the state of Minnesota * * I got a deed for certain territory * * in Minnesota ; myself and I. F. Wright bought together. I got only the right to manufacture and sell churns. That was all the note was given for. I made some churns under the patent right. I have never been disturbed in the use of the patent right." And his direct examination being resumed he said : " I never had any other consideration for the note but the territory conveyed to me and Wright by the Hackney deed." Comment is not required to show that this testimony

altogether fails to establish want of consideration for the note ; and as defendant introduced no other evidence, of importance, to sustain his defence, there was no reason why the plaintiff was not entitled to a verdict without further testimony. But for some reason plaintiff seems to have deemed it important for him to offer evidence of the issue of letters-patent for the invention of the improvement in churns, and evidence of the conveyance to defendant of a right to manufacture and vend churns under said patent. In the view which we take, and for reasons above given, we think plaintiff's offer of evidence for these purposes was entirely supererogatory, and we cannot conceive how it could have prejudiced defendant, since plaintiff's case was already made out, and he was entitled to a verdict before the evidence as to the patent and the transfer of a right under the same was offered. Even if this were not so, we do not think that defendant's objection to the evidence received for the purpose of showing the issue of the letters-patent, was well founded. This evidence consisted of the original letters-patent " *duly issued by the United States government*," and under the seal of the patent office. We understand this to be a proper mode of proving letters-patent. 2 *Gr. Ev.* (10*th Ed.*) § 488, *and note.*

When plaintiff offered the letters he proposed to follow them up with evidence of a transfer of a right under the patent to defendant. His documentary evidence offered for this purpose was excluded; and if upon such exclusion the defendant was of opinion that the evidence of the issue of letters-patent would prejudice him, he should have moved to strike the same out, which it does not appear that he did, or he should have asked the court to instruct the jury to disregard the evidence of the letters-patent, which, for aught that appears here, he did ask, and successfully, the case only stating that the court " charged the jury as to the law applicable

Owsley v. Greenwood.

to and governing the case," without giving the particulars of such charge  There was, however, some testimony in the case—parol to be sure—but not objected to, going to show that defendant purchased and acquired the right under the patent. For in addition to defendant's own testimony, heretofore quoted, Hackney testifies in his deposition as follows:   " On the evening of the 20th of April, 1868, I   *   *   *   sold to defendant and Mr. Wright, the right to manufacture, use and vend to others Byrns' and Stannard's Patent Rocking Churn, within two counties in the state of Minnesota, to wit : Goodhue and Rice counties, for the consideration of three hundred dollars, and made and executed a deed for the same."   Taken in connection with this testimony the letters-patent certainly tended to show a consideration for the note.

We have devoted more space to this case than the questions considered would, of themselves, seem to demand; but as a new trial was granted by the judge who tried the case below, and no reasons were given for granting the same, we have felt it to be our duty to examine all the reasons presented by defendant in support of the new trial, before reversing the action of the district court.

As before remarked, we are unable to discover any sufficient reason for granting a new trial in this case, and the order of the court below granting the same is accordingly reversed.