[File No. 5924.]

PAUL LUTZ and Alma Lutz, Respondents, v. JAMES A. COFFEY and Josephine A. Coffey, et al. JAMES A. COFFEY and Josephine A. Coffey, Appellants.

(238 N. W. 31.)

Opinion filed June 15, 1931.

*Coffey & Strutz,* for appellants.

*A. W. Aylmer* and *Carr & Rittgers,* for respondents.

BURR, J. This is one of three cases between these same parties argued at the same time, and is known as case number two. It involves the foreclosure of a second mortgage on the land involved in case number one, being the case where the opinion of this court was written by Judge Birdzell, ante, 105, 237 N. W. 783.

There are three main issues to be determined—the legality of the power of attorney given for foreclosure purposes; the effectiveness of the notice before foreclosure; and the amount of interest charged after the maturity of the debt.

The legality of a similar power of attorney is determined in case number one, and the decision rendered therein controls here. The power of attorney issued in this case is sufficient.

Objections to the notice before foreclosure and its service, similar to those urged herein, are discussed in case number three, where the opinion of this court was written by Judge Burke, post, 433, 238 N. W. 29. The facts are practically identical and the rules announced therein are determinative here.

The issue as to excessive interest arises from the fact that the note and mortgage provide for interest at eight per cent payable annually until maturity, and nine per cent per annum after maturity. The note and mortgage were executed November 24, 1920, and consequently after chapter 166 of the Session Laws of 1919, being § 6072a of the Supp., came into force. This statute says: "The rate of interest on all indebtedness hereafter incurred shall be the same after maturity as before maturity, and any contract attempting to make the rate of interest higher after maturity shall be void as to such increase of interest."

Respondents say the question of excessive rate of interest is not raised by the pleadings, and did not become an issue in the trial court; that there is nothing in the answer which specifically pleads this as a defense. However the complaint set forth the note and mortgage and alleges this extra interest is due. The answer contains a general denial of allegations not admitted or explained and therefore denies that this extra interest is due. The appellants demand a review of the entire case in this court. The respondents say in their brief in this court, that "these plaintiffs are not asking for, nor do they want anything more than they are legally entitled to." Because of no arguments there-

on in the lower court they inadvertently overlooked the provision of the statute quoted and computed interest as set forth in the note. It being conceded the increased rate contracted for after maturity is void, and that this amounts to $138.80, the judgment should be reduced in this amount and with such reduction in amount the judgment appealed from is affirmed.

CHRISTIANSON, Ch. J., and NUESSLE, BIRDZELL and BURKE, JJ., concur.