Earl ALLEN, Plaintiff and Appellant,

v.

Gordon N. MILLER, Defendant and
Respondent.

No. 7699.

Supreme Court of North Dakota.

Aug. 10, 1957.

Waldron & Kenner, Minot, for plaintiff
and appellant.

Joseph J. Funke, Minot, for defendant
and respondent.

MORRIS, Judge.

On October 23, 1952 Gordon N. Miller executed two promissory notes payable to the order of John E. Neset. One note was for $7,250, payable 585 days after date. The other was for $5,000, payable 220 days after date. Both notes were payable at the Bank of Tioga, Tioga, North Dakota. Each note also contained the following:

"with interest from —— at the rate of —— per cent per annum, payable annually."

In September 1955 John E. Neset by instruments in writing assigned the notes to the plaintiff, Earl Allen.

In this action Allen prayed for judgment against the defendant for the principal of each note, with interest thereon at the legal rate of four percent from maturity. One note matured June 3, 1954 and the other June 3, 1953. The defendant interposed a general denial.

At the close of the trial the court directed the jury to render a verdict for the principal of each note, or a total of $12,250. A verdict was rendered and the judgment entered thereon accordingly. From that judgment the plaintiff appeals.

The plaintiff contends that the court erred in failing to include in his direction to the jury interest on the principal sums due on the notes at the legal rate of four percent from maturity as prayed for in the complaint.

The plaintiff does not contend that he is entitled to interest on the notes before maturity but concedes that the notes bore no interest. This concession is in accordance with the determination of the South Dakota Supreme Court in Lines v. Potter, 42 S.D. 463, 176 N.W. 150, which involved the construction of a provision for interest in a contract for deed similar in form to those provisions now before us. The insertion of dashes in the blank spaces that were provided for writing in the rate of interest and the date from which interest

would be paid clearly indicates that no interest was contracted for and that no interest on the principal sums before maturity was to be paid. We construe the legal effect of these notes to be the same as if they had specifically provided that they were payable "without interest."

■ Where a note is by its terms payable without interest and does not otherwise indicate whether interest is or is not to be paid after maturity, the note will bear interest at the legal rate after maturity in the absence of a controlling statute. McKinlay v. Blackledge, 3 N.C. 28; Roberts v. Smith, 64 Tex. 94, 53 Am.Rep. 744; Powhatan Zink & Lead Mining Co. v. Hill, 98 Ark. 519, 136 S.W. 669.

In Corbin on Contracts, Sec. 1046, it is said:

"If a definite sum of money is lent to be repaid without interest at the end of a specified time, on failure to pay at that time the lender can recover judgment for the amount of money so lent, with interest at the legal rate after maturity."

■ The defendant contends that regardless of what may be the rule in other states his nonliability in this case is determined by our statutory law. In support of his contention he cites two statutes. The first that we will consider is Sec. 47–1407, NDRC 1943, which provides:

"Any legal rate of interest stipulated by a contract remains chargeable after a breach thereof, as before, until the contract is superseded by a verdict or other new obligation."

In Puppo v. Larosa, 194 Cal. 717, 230 P. 439, 440, the court considered the same question under a statute containing the same wording as ours and said:

"The promissory note by its terms bore no interest. The trial court allowed legal interest thereon from the date of its maturity. When a legal rate

of interest is stipulated in a contract such rate remains chargeable after a breach thereof, as before, 'until the contract is superseded by a verdict or other new obligation.' Civ.Code, § 3289; Casey v. Gibbons, 136 Cal. 368, 371, 68 P. 1032. If, however, interest is not expressly reserved, and the paper matures at a time certain, it will draw interest from its maturity by operation of law without prior demand, and at the legal rate. In such case interest is in the nature of damages for the detention of the debt, and is not recoverable by virtue of any provision of the contract. Civ.Code, § 3302; Gray v. Bekins, 186 Cal. 389, 399, 199 P. 767; 8 Cor.Jur. pp. 1095, 1096, §§ 1425–1427. When money is not paid according to the terms of a note, the holder suffers a detriment properly compensable in damages which courts have generally adjudged to be the rate of interest agreed upon in the note, if it be within the legal rate (Section 3289, supra), between maturity and the date of the judgment. The fact that the contract provides for no interest has nothing whatever to do with the damages due after the breach of the condition for payment on the due date of the note."

The foregoing quotation is set out in part in the subsequent cases of Nesbit v. MacDonald, 203 Cal. 219, 263 P. 1007, and Irvine v. Reclamation Dist. No. 108, 24 Cal.2d 468, 150 P.2d 428.

In the early Minnesota case of Owsley v. Greenwood, 18 Minn. 429, Gil. 386, the court considered the effect of General Statutes 1866, Chap. 23, Sec. 1, M.S.A. § 334.01, providing that all contracts should bear the same rate of interest after they became due as before, and stated that the statute had no application:

"To a case where the contract calls for no interest before due; or what is the same thing, in effect, provides, as in this instance, that there shall be no interest before due; and where inter-

est is allowed, as in this verdict, not as interest, strictly speaking, but as damages."

See also Annotation 69 A.L.R. 967. We reach the conclusion that Section 47–1407, NDRC 1943 has no application to the notes under consideration.

■ The defendant cites this provision in Section 47–1405, NDRC 1943:

"All contracts shall bear the same rate of interest after maturity as they bear before maturity, and any contract attempting to make the rate of interest higher after maturity shall be void as to such increase of interest."

He argues that since the notes bear no interest before maturity the allowance of interest after they become due would be a violation of the statute.

Interest is defined by Section 47–1404, NDRC 1943 as follows:

"Interest is the compensation allowed for the use, or forbearance, or detention of money, or its equivalent."

■ Thus interest is declared to be compensation. It may be a sum contracted to be paid for the use of money or damages for the withholding of money after it should have been paid to one lawfully entitled thereto. Money is property. The owner of money may contract to let someone else use it, and the amount to be paid for this use is called interest and like rent paid for the use of other kinds of property, its amount is dependent upon the contract, subject to such regulations as may be imposed under the police power of the state. On the other hand, when money is wrongfully withheld or used without the consent of the owner, interest may be awarded as compensation to the owner of the money. In this respect interest is like compensatory damages for the wrongful withholding of property and such damages are usually measured by the value of the use or loss of use. In terms of interest that value is fixed by statute at

the legal rate unless the parties have contracted for the rate to be paid after maturity.

■ Section 47–1407, NDRC 1943, as we have pointed out, provides that a lawful rate of interest stipulated by the contract remains chargeable after the breach of the contract, but where the contract provides for no interest, damages may be awarded for breach of the contract which are measured by the legal rate of interest from the time of breach unless Section 47–1405 is applicable. We also have another statute that provides:

"Whenever a loan of money is made, it is presumed to be made upon interest unless it is expressly stipulated otherwise in writing at the time it is made."

Sec. 47–1403, NDRC 1943. Thus the payment of interest for the use of money is favored rather than frowned upon by our law. The provision that contracts shall bear the same rate of interest after maturity as they bear before maturity does not conflict in any way with the principle thus expressed. Its obvious purpose is not to hamper the collection of interest but to prevent defaulting debtors from being compelled to pay a rate higher than the parties presumptively considered to be a fair rate of interest and fair compensation to the lender for the use of his money for the period of time for which the parties contracted. While a provision for the payment for a higher rate after maturity is generally held not to be penal, (see 30 Am.Jur. Interest, Sec. 39) the imposition of a higher rate does have a coercive quality which the law may well frown upon. Such a rate may be more than compensatory. These considerations no doubt prompted our Legislature to prohibit increases in the rate of interest after maturity. The defendant would have us extend the scope of this statute beyond its original purpose and, by construction, prohibit a contract which would provide that interest should begin to run from maturity rather than the date of the contract. Such a contract has no earmarks of the evil which the statute was intended to suppress. By its terms our statutory provision applies to contracts that bear one rate of interest before maturity and a higher rate afterward.

We will not adopt a rule that will permit one who has been favored by being allowed to use another's money without compensation for a definite period to violate his agreement to pay and continue in default beyond that period without becoming liable for interest if contracted to be paid after default or in the absence of a contract at the legal rate.

Our conclusion is that when a note is payable without interest before maturity and is silent as to interest after maturity, the payor is liable for the principal with interest thereon at the rate of four percent per annum from the date of default to the date of payment or judgment.

The provision in Section 47–1405, NDRC 1943 requiring that contracts bear the same rate of interest after maturity as they bear before maturity has no application to the liability of the defendant for interest after maturity of the notes involved in this action.

The record shows that the judgment appealed from has been partially satisfied by the plaintiff to the extent of $12,259.10 being the principal of the notes and costs in the district court, and that the right of the plaintiff to appeal from the judgment with respect to the question of interest has been preserved. This court having determined that the plaintiff is entitled to interest upon the notes at the rate of four percent per annum from the dates of default, in addition to the principal, the case is remanded to the district court with directions to amend the judgment appealed from to include interest conformable to this opinion.

GRIMSON, C. J., and SATHRE, JOHNSON and BURKE, JJ., concur.