OIL INVESTMENT, INC., a North Dakota corporation, Plaintiff and Respondent,

v.

DALLEA PETROLEUM CORPORATION, a North Dakota corporation, Dois D. Dallas, and Currie Conrad, Defendants, Third-Party Plaintiffs, and Appellants,

v.

Leonell W. FRAASE, Arnold Blikre, and A. H. Ness, Third-Party Defendants and Respondents.

Civ. No. 8367.

Supreme Court of North Dakota.

May 26, 1967.

See also N.D., 150 N.W.2d 189.

**416**

Rolfstad, Winkjer, Suess & Herreid, Williston, for plaintiff and respondent, Oil Investment, Inc.

Bjella, Jestrab, Neff & Pippin, Williston, for defendant, third-party plaintiff and appellant Dallea Petroleum Corp.

Pearce, Engebretson, Anderson & Schmidt, Bismarck, for defendants, third-party plaintiffs and appellants Dois D. Dallas and Currie Conrad.

Fred A. McKennett, Williston, for third-party defendants and respondents, Leonell W. Fraase, Arnold Blikre, and A. H. Ness.

ADAM GEFREH, District Judge.

On August 31, 1962, Dallea Petroleum Corporation, a North Dakota corporation, with its principal office in Tioga, North Dakota, executed and delivered to Republic Supply Company, whose principal place of business was Oklahoma City, Oklahoma, and who also maintained a place of business in Tioga, North Dakota, a promissory note in the sum of $25,920.98 (Plaintiff's Exhibit No. 1).

On February 2, 1965, at a time when the note was in default by its terms, the note was assigned by Republic Supply Company to Oil Investment, Inc., the plaintiff in this action. The note contained the following clause:

"* * * in event of default in any installment of principal or interest, to pay interest at the highest legal rate permitted by contract under the laws of the state first above mentioned, but in no event in excess of ten (10) percent per annum, from date of default until paid * * *."

Oil Investment, Inc., brought an action in the district court of Williams County, North

Dakota, on this note against Dallea Petroleum Corporation and against Dois D. Dallas and Currie Conrad, two of the five co-signers of the note. The case was tried to the court, and judgment was entered for the plaintiff in the sum of $21,639.38 as principal and interest due on the note, the trial court holding that the provision in the note for interest after maturity provided for greater interest after maturity than before and was void, and that thereafter the note drew interest at the rate of four per cent from maturity.

The defendants appealed from the judgment, specifying as error the trial court's failure to apply the penalty for usury by forfeiting all of the interest and one-fourth of the principal of the note as provided by Section 47–14–10, N.D.C.C.

The defendants contend that the clause in the note in question which provided for a possible higher interest rate after maturity than the lawful rate in North Dakota makes the note usurious, and therefore the court erred in failing to apply the penalty for usury.

Is a note providing for a higher-than-lawful rate of interest after maturity usurious?

Whether a note that stipulates a higher-than-lawful rate of interest after maturity becomes usurious depends upon the interpretation that is placed upon the consequences that occur upon default of the note.

The general rules of law recognize a distinction between what is known as conventional interest, which is that charged or contracted for as rental or compensation for the use or hire of money, and interest allowed by way of damages for wrongful detention of money.

The relevant North Dakota statutes on this issue are:

"47–14–04. 'Interest' defined.—Interest is the compensation allowed for the use, or forbearance, or detention of money, or its equivalent."

"47–14–05. Legal rate of interest—Interest after maturity.—Interest for any legal indebtedness shall be at the rate of four per cent per annum unless a different rate not to exceed the rate specified in section 47–14–09 is contracted for in writing. All contracts shall bear the same rate of interest after maturity as they bear before maturity, and any contract attempting to make the rate of interest higher after maturity shall be void as to such increase of interest."

"47–14–09. Usury — Definition — Maximum contract rate—Prohibition.— Except as otherwise provided by the laws of this state, no person, copartnership, association, or corporation, either directly or indirectly, shall take or receive, or agree to take or receive, in money, goods, or things in action, or in any other way, any greater sum or greater value for the loan or forbearance of money, goods, or things in action than seven per cent per annum, and in the computation of interest the same shall not be compounded. No contract shall provide for the payment of interest on interest overdue, but this section shall not apply to a contract to pay interest at a lawful rate on interest that is overdue at the time such contract is made. Any violation of this section shall be deemed usury."

"47–14–10. Civil liability for usury— Forfeiture of interest.—The taking, receiving, reserving, or charging of a rate of interest greater than is allowed by the laws of this state relative to usury shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it or which has been agreed to be paid thereon, and in addition thereto, a forfeiture of twenty-five per cent of the principal thereof. In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representative may:

"1. Recover back twice the amount of interest thus paid, together with twenty-five per cent of the principal from

the person taking or receiving the same, but an action must be commenced for such purpose within four years after the time when the usurious transaction occurred; or

"2. Offset twice the amount of such interest against any indebtedness which the person who paid the same owes to the party or parties receiving such usurious interest."

The principles of law concerning interest rates for the use of money before maturity and the wrongful detention after maturity are expressed in 30 Am.Jur., Interest, Sec. 32, p. 28, as follows:

"* * * the contract rate ceases at maturity and upon breach by default, and thereafter the legal rate is allowed as damages; and when the agreement of the parties, as to interest, extends no further than the maturity date, there is no agreement on the matter of postmaturity interest, express or implied, and the law interposes not only to allow such interest but also to regulate the rate that should be paid as damages for the wrongful detention of the indebtedness after the due date. * * *"

The matter of interest after maturity was considered by this court in Allen v. Miller (N.D.), 84 N.W.2d 571. The court, at page 573, stated:

"Thus interest is declared to be compensation. It may be a sum contracted to be paid for the use of money or damages for the withholding of money after it should have been paid to one lawfully entitled thereto. Money is property. The owner of money may contract to let someone else use it, and the amount to be paid for this use is called interest and like rent paid for the use of other kinds of property, its amount is dependent upon the contract, subject to such regulations as may be imposed under the police power of the state. On the other hand, when money is wrongfully withheld or used without the consent of the owner, interest may be awarded as compensation to the owner of the money. In this respect interest is like compensatory damages for the wrongful withholding of property and such damages are usually measured by the value of the use or loss of use. In terms of interest that value is fixed by statute at the legal rate unless the parties have contracted for the rate to be paid after maturity."

And at page 574 the court continued:

"* * * While a provision for the payment for a higher rate after maturity is generally held not to be penal, (see 30 Am.Jur. Interest, Sec. 39) the imposition of a higher rate does have a coercive quality which the law may well frown upon. Such a rate may be more than compensatory. These considerations no doubt prompted our Legislature to prohibit increases in the rate of interest after maturity. * * *"

As indicated by the court in Allen v. Miller, supra, our State Legislature declared as a matter of public policy, by enacting Section 47–14–05, N.D.C.C., that damages for the wrongful detention shall be computed at a rate no higher than the rate contracted for before maturity, and any attempt to exact a higher measure of damages shall be void.

Our statutes, as interpreted by this court in Allen v. Miller, supra, and in Lutz v. Coffey, 61 N.D. 113, 238 N.W. 31, clearly provide that interest before maturity is compensation for the use of money and is regulated by Section 47–14–09, N.D.C.C., and that interest allowed after maturity is considered compensation for damages for the wrongful detention of money and is regulated by Section 47–14–05, N.D.C.C.

The usury statutes generally have application to compensation for the use of money during the period of the contract. The general law on usury in respect to in-

terest after maturity is stated in 55 Am.Jur., Usury, Sec. 45, page 356:

"*Increase of Interest after Maturity.*— Since it is usually regarded as a stipulation for a penalty, a provision in a note or other contract for the payment of money by which the debtor agrees to pay after maturity interest at a higher rate than permitted by the usury laws, or a sum of money which will exceed that rate, is generally considered as not rendering the contract usurious, if the parties in making it act in good faith, and without an intent to evade the usury laws, although there appears to be some authority for the general proposition that penalties of the character under consideration are usurious."

■ The rule is similarly stated in 91 C.J.S. Usury § 31, on page 610:

"Except where otherwise provided by statute, either expressly or by clear implication, it is ordinarily held, although there is some authority to the contrary, that a provision, inserted in good faith, in a contract of loan or forbearance, lawful in its inception, that the principal sum if not paid at maturity shall thereafter bear interest at a rate higher than the maximum specified by statute is not usurious, nor is a loan rendered usurious by an agreement that at the borrower's option the loan may be extended after maturity at an excessive rate of interest, since the debtor may relieve himself of liability for the excessive interest by making payment of the principal sum promptly at its maturity."

The jurisdictions that appear to hold contrary to the general rule appear to be South Dakota, Texas and Tennessee. However, the statutes in these States differ materially from our North Dakota statute defining usury. The South Dakota statute, which the court interpreted in Ulvilden v. Sorken, 58 S.D. 466, 237 N.W. 565, read as follows:

"The highest rate of interest which it shall be lawful for any person to take, re- ceive, retain or contract for in this state, shall be ten per cent (10%) per annum, and at the same rate for a shorter time. * * *"

The South Dakota court rejected the general rule of law that differentiates between interest before maturity and interest after maturity and based its decision on the South Dakota statutory definition of the word "interest" and concluded that interest before maturity was the same as interest after maturity and that their statute on usury was directed to the word "interest" and, consequently, their statute had application to interest after maturity as well as before maturity. The same reasoning was followed by the Texas and Tennessee courts.

Although our statute defining interest is the same as that of South Dakota, our section on usury, Section 47–14–09, does not refer to interest, but rather to

"* * * take or receive, * * * in money, goods, or things in action, or in any other way, any greater sum or greater value for the loan or forbearance of money, goods, or things in action than seven per cent per annum, * * *."

Section 47–14–09 is not dependent on the definition of the word "interest", as is the South Dakota statute.

■ The public policy of our State on this matter is clearly expressed in separate statutes, Section 47–14–09 governing the lawful rate of interest before maturity, and Section 47–14–05 governing the measure of damages after maturity for the wrongful detention of money. These statutes must be construed so as to give each its intended meaning. If the Legislature had intended to apply the usury statute to interest rates after maturity, it would have been a simple matter to so state, in which event Section 47–14–05 would not have been needed.

■ We conclude that interest allowed after maturity is in the nature of damages for the wrongful detention of money after

maturity and is governed by Section 47–14–05, and any provision in any contract providing for a higher rate after maturity than before maturity, regardless of the rate, is void as to such increase and will have no other effect on the contract. Section 47–14–09, N.D.C.C., applies only to the maximum compensation that is permissible for the use of money that parties may agree to by contract before maturity.

Since the trial court construction of the clause in the note providing for interest after maturity was not specified as error,

the issue of whether the note, as a matter of law, provides for a higher rate of interest after maturity is not before us.

The judgment appealed from is affirmed.

TEIGEN, C. J., and STRUTZ, KNUDSON and PAULSON, JJ., concur.

ERICKSTAD, J., deeming himself disqualified, did not participate; Honorable ADAM GEFREH, District Judge of the Third Judicial District, sitting in his stead.