FOURTH DEPARTMENT, APRIL, 1991

(April 26, 1991)

■ JOHN NALEZENEC, Individually and as Executor of NELLIE NALEZENEC, Deceased, by MARGARET TALBOYS, as Attorney-in-Fact, On Behalf of Himself and All Other Persons Similarly Situated, Appellant, v BLUE CROSS OF WESTERN NEW YORK, Respondent.—Order unanimously affirmed without costs. Memorandum: Plaintiff John Nalezenec and plaintiff's intestate Nellie Nalezenec were insured by the Blue Cross Over 65 Limited Hospital Coverage Contract and the Blue Shield Over 65 Limited Medical Coverage Contract. The major medical expense rider to the basic contracts provides that the insurer will pay for care in a skilled nursing facility under certain circumstances, but will "not pay for any days of care in a skilled nursing facility when, in our sole judgment, your condition did not require skilled nursing facility care on a continuing basis."

Nellie Nalezenec was admitted to a skilled nursing facility on January 2, 1987. Medicare fully paid for the first 20 days of Mrs. Nalezenec's stay, and then made partial payments for days 21 through 100. The balance was paid through plaintiffs' insurer under the major medical expense rider. On April 11, 1987, Mrs. Nalezenec's Medicare coverage was statutorily exhausted. On May 10, 1988, defendant informed the Nalezenecs that, as of April 11, 1987, Mrs. Nalezenec's condition did not require skilled nursing care and that, accordingly, no payments would be made for services rendered after April 11, 1987. Mrs. Nalezenec died on November 28, 1990.

The complaint alleges that the language in the contract granting exclusive authority to defendant to determine the need for skilled nursing care is unconscionable and void as against public policy. Supreme Court granted defendant's motion to dismiss the first cause of action on the ground that it fails to state a cause of action, and plaintiffs appeal.

An unconscionable contract is one which is so grossly unreasonable in light of the mores and business practices of the time and place as to be unenforceable (see, 1 Corbin, Contracts § 128, at 551; *Mandel v Liebman*, 303 NY 88, 94). "A determination of unconscionability generally requires a showing that the contract was both procedurally and substantively unconscionable when made" (*Gillman v Chase Manhattan Bank*, 73 NY2d 1, 10). To support their claim of unconscionability, plaintiffs must make some showing of an absence of meaningful choice on their part, together with terms that are unreasonably favorable to the other party (see, *Gillman v Chase Manhattan Bank, supra; Matter of State of New York v Avco Fin. Serv.,* 50 NY2d 383, 389).

Here, although plaintiffs have alleged facts to support their claim of procedural unconscionability, they are unable to demonstrate that the "sole judgment" language of the major medical rider is substantively unconscionable. That language does not give defendant an unfettered right arbitrarily to reject claims for skilled nursing care; it merely expresses the practice of all insurers to pay only for covered expenses or occurrences, and a denial of coverage is subject to judicial review (see, *Zuckerberg v Blue Cross & Blue Shield*, 119 Misc 2d 834, 838, *revd on other grounds* 108 AD2d 56, *affd* 67 NY2d 688; *Lopez v Blue Cross*, 386 So 2d 697, 699 [La], *mod on other grounds* 397 So 2d 1343 [La]). Considering the context, the purpose and the effect of the "sole judgment" provision (see, *Gillman v Chase Manhattan Bank, supra*, at 12), it cannot be said that it is substantively unconscionable. (Appeal from Order of Supreme Court, Erie County, Ostrowski, J.—Dismiss Causes of Action.) Present—Dillon, P. J., Denman, Green, Lawton and Davis, JJ.