■ AGRISTOR LEASING, Respondent, v WILLIAM B. BARLOW et al., Appellants.—Weiss, P. J. Appeals (transferred to this court by order of the Appellate Division, Second Department) (1) from an order of the Supreme Court (Jiudice, J.), entered

September 27, 1990 in Dutchess County, which partially granted plaintiff's motion for summary judgment on the issue of liability, and (2) from an order of said court, entered September 27, 1990 in Dutchess County, which, *inter alia,* denied defendants' cross motion to compel plaintiff to comply with defendants' discovery demands.

In March 1981, defendants negotiated with Mohawk Harvestore, Inc. to acquire certain equipment known as a "Slurrystore System" (hereinafter the equipment) for use on their dairy farm in Dutchess County for the sum of $62,655. Instead of a sale to defendants, Mohawk sold the equipment to plaintiff, a Wisconsin partnership, at the same price less credits of $291.95, for a total of $62,363.05. On April 1, 1981, plaintiff and defendants executed a written lease of the equipment for a term of 96 months at a monthly rental of $982.49 to commence September 18, 1981. Defendants defaulted on the payment that was due December 1986 and on each payment due thereafter. As a result, plaintiff canceled the lease and made demands for surrender of the equipment and payment of all amounts due under the lease. This action was commenced for repossession of the equipment and money damages.* Following service of the answer and counterclaim, Supreme Court granted plaintiff's motion for partial summary judgment holding defendants liable for breach of the lease agreement and responsible for counsel fees, with damages to be determined at trial. In a separate order, the court denied as moot both defendants' and plaintiff's motions for discovery of documents. Defendants have appealed from both orders.

Initially, we reject defendants' contention that plaintiff lacks standing to bring this lawsuit because it had assigned the rents due under the lease. The subject lease together with a number of other leases had been assigned by plaintiff to Teachers Insurance and Annuity Association of America (hereinafter the Teachers Association) as collateral security for a $9 million loan. Affidavits by officers of plaintiff and the Teachers Association establish, however, that the assignment was not absolute; rather, it was collateral for an antecedent debt, terminable upon repayment, and thus did not serve to deprive plaintiff of the right to pursue this claim *(see, Southern Assocs. v United Brands Co.,* 67 AD2d 199, 204; *Fifty States Mgt. Corp. v Pioneer Auto Parks,* 44 AD2d 887, 888).

---

* In an order dated December 22, 1987, not part of the record in this case, Supreme Court granted plaintiff's application to repossess the equipment which was effected on or about September 18, 1988.

Nor do we find merit in defendants' contention that the submission of additional papers in support of plaintiff's first motion after the return date somehow tainted Supreme Court's decision. It was within the discretion of the court to accept or reject the late papers *(see,* CPLR 2214 [c]; *Foitl v G.A.F. Corp.,* 64 NY2d 911, 913) and absent prejudice, not here demonstrated, no abuse of that discretion occurred *(see, Whiteford v Smith,* 168 AD2d 885; *Rivers v Butterhill Realty,* 145 AD2d 709, 710).

Turning to the merits, we find unpersuasive defendants' argument that Supreme Court erred in holding the agreement to be a lease, which effectively negated the affirmative defense of usury. Defendants urge that whether the agreement was a lease, or as they argue, a loan, presents a triable issue of fact making summary judgment wholly inappropriate. We cannot agree. It is the responsibility of the courts to interpret written instruments *(see, Siebel v McGrady,* 170 AD2d 906, 907, *lv denied* 78 NY2d 853; 4 Williston, Contracts § 601, at 303 [Jaeger 3d ed]). This is obviously so where, as here, there is no ambiguity found in the document *(see, Hudson-Port Ewen Assocs. v Chien Kuo,* 165 AD2d 301, 303, *affd* 78 NY2d 944, 945). The subject instrument is unequivocal and replete with recitations and a legend indicating that it is a lease and that plaintiff is the owner of the equipment. Therefore, Supreme Court correctly held the agreement to be a lease and the defense of usury was inapplicable.

Defendants have also failed to show that the agreement is so grossly unreasonable, in the light of the mores and business practices of the time and place, as to be unconscionable *(see, Nalezenec v Blue Cross,* 172 AD2d 1004). To the contrary, defendants were knowledgeable, successful business people who owned and operated a substantial enterprise, and were fully capable of utilizing alternatives to leasing the equipment *(see, supra,* at 1005). The proof shows that the original cost of the equipment paid by plaintiff was $62,363.05 and that the total amount payable under the lease would have been $94,127.04. The difference of $31,763.99, even if characterized as interest on a loan over eight years, would not equate to a usurious rate. Furthermore, one who signs a written agreement is conclusively bound by its terms unless fraud, duress or some other unlawful act on the part of a party, absent here, has been demonstrated *(see, Bull & Bear Group v Fuller,* 170 AD2d 275, 279).

Finally, there is nothing illegal or improper with the provision in the lease for payment of counsel fees in the event of a

default by the lessees *(see, Matter of A. G. Ship Maintenance Corp. v Lezak,* 69 NY2d 1; *Paroff v Muss,* 171 AD2d 782, 783). Nor was it error to deny the cross motions for discovery as moot.

Mikoll, Yesawich Jr. and Crew III, JJ., concur. Ordered that the orders are affirmed, with costs.