■ ORIX CREDIT ALLIANCE, INC., Respondent, v NORTHEASTERN TECH EXCAVATING CORPORATION et al., Defendants, and CLAUDIO CARRERO et al., Appellants. [634 NYS2d 841] —Cardona, P. J. Appeal from an order of the Supreme Court (Torraca, J.), entered January 12, 1994 in Ulster County, which, *inter alia*, granted plaintiff's motion for summary judgment against defendants Claudio Carrero and Carmen Nieto.

On December 13, 1989, defendant Claudio Carrero (hereinafter defendant) and Newquip Machinery Company, Inc. executed an "equipment lease agreement" (hereinafter the lease agreement) for certain machinery. The lease was for a term of 47 months at a monthly rental of $1,080. The lease required defendant to grant Newquip a security interest in after-acquired property and, in the event of a default, a delinquency charge of $1/15$ of 1% per day would be assessed. The lease agreement was assigned to plaintiff pursuant to a provision which authorized such an assignment.

On April 10, 1990, defendant transferred his interest in the lease to defendant Northeastern Tech Excavating Corporation by a "transfer and assumption agreement"; defendant, however, was to remain personally liable on the lease agree-

ment. Also on that date, Northeastern executed a promissory note to plaintiff in the amount of $95,700, the proceeds of which were to be used by Northeastern to acquire two pieces of construction equipment. Although the promissory note stated that no interest was being charged, the interest was added directly to the principal amount loaned. The actual amount financed for the equipment was $66,700 for a period of 58 months with the remaining $29,000 representing interest calculated at the rate of 15.54% per year. The monthly payment was calculated at $1,650. In the event of a default, a rate of interest of $1/15$ of 1% per day would be charged. Northeastern granted to plaintiff a purchase money security interest in all three pieces of equipment and the appropriate financing statements were filed.

Thereafter, the lease agreement and the promissory note were consolidated by a single "consolidation and extension" agreement (hereinafter the consolidation agreement) executed between Northeastern and plaintiff. Under the consolidation agreement, the debt owed on the three pieces of equipment was payable in one installment of $40,000 followed by 48 monthly payments of $1,930. The terms and conditions of the lease agreement and the promissory note were to remain in effect. Defendant guaranteed performance of the obligations.

Northeastern defaulted on the payment due April 1992 and on each payment due thereafter. As a result, plaintiff repossessed the equipment, sold it and applied the proceeds to the outstanding debt. This action was commenced to recover the difference between the amount owed under the consolidation agreement and the amount realized from selling the equipment. After issue was joined, plaintiff then moved for, *inter alia*, summary judgment against defendant. Supreme Court granted the motion.*

On this appeal, defendant contends that summary judgment was improper in this case because he established a defense of criminal usury (*see*, Penal Law § 190.40). He claims, *inter alia*, that by adding the $1/15$ of 1% per day rate (or 24.33% per year) chargeable after default to the interest applicable prior thereto, the total interest rate exceeds the 25% maximum allowed under Penal Law § 190.40. In our view, however, the affirmative defense of usury was effectively negated in this case. Initially, we note that because a lease does not constitute a loan or forbearance of money, it does not fall within the defini-

---

* Summary judgment was also granted against defendant Carmen Nieto. Although her name appears on the notice of appeal, only defendant has filed an appellant's brief.

tion of usury (*see generally, Agristor Leasing v Barlow*, 180 AD2d 899, *lv dismissed* 80 NY2d 826; 72 NY Jur 2d, Interest and Usury, §§ 62, 63). Likewise, a deferred payment in the case of a sale on credit does not constitute a forbearance or loan (*see, Ruminant Nitrogen Prods. v Zittel*, 78 AD2d 766, 766-767; *GTP Leisure Prods. v Cannella*, 58 AD2d 1040, 1040-1041). Defendant claims that the lease agreement in this case was in reality a disguised loan (*see, Nassau Trust Co. v Midland Manor Home*, 57 AD2d 609); however, there was no ambiguity in the document and it was "unequivocal and replete with recitations and a legend indicating that it [was] a lease" (*Agristor Leasing v Barlow, supra*, at 901). Under the particular circumstances of this case, it is clear that the agreement was a lease and the defense of usury inapplicable.

With respect to the purchase under the promissory note, defendant claims that there was no purchase but rather an assignment from the actual seller to plaintiff. The record, however, reveals that the two pieces of equipment covered by the promissory note were purchased directly from plaintiff and that there was no assignment. There is no evidence that this was "a pretended sale of goods * * * made [with] the underlying scheme for loaning money upon usury" (*Archer Motor Co. v Relin*, 255 App Div 333, 334). Therefore, it was a credit sale to which the defense of usury does not apply.

Nor do we find defendant's remaining allegations sufficient to raise triable issues of fact so as to preclude the granting of summary judgment. The discrepancies in certain dates were minor and easily explainable by the documentary evidence offered by plaintiff. Such discrepancies cannot be said to raise questions of fact so as to warrant a trial. We have considered defendant's remaining arguments and find them either academic in light of our conclusions or lacking in merit.

Mercure, Crew III, White and Peters, JJ., concur. Ordered that the order is affirmed, with costs.