2000 ND 9

**T.F. JAMES COMPANY, an Iowa Corporation, Plaintiff and Appellant,**

v.

**Luella VAKOCH, individually, and doing business as New Images, Defendant and Appellee.**

No. 990223.

Supreme Court of North Dakota.

Jan. 19, 2000.

Edmund G. Vinje II, Vinje Law Office, Fargo, for plaintiff and appellant.

Lawrence P. Kropp, Kropp Law Office, Jamestown, for defendant and appellee.

VANDE WALLE, Chief Justice.

[¶ 1] T.F. James Company ("James") appealed from a post-judgment order denying James' motions regarding anticipatory breach, usury and attorney's fees. Because the lease is not subject to North Dakota's usury statute, we reverse. We remand to the district court to apply N.D.C.C. § 47–14–05 to the lease and to reconsider its decision not to award attorney's fees to James.

[¶ 2] In February 1991 Luella Vakoch ("Vakoch") entered into a lease with James for rental of certain space within the Jamestown Mall for a term of four years ending on March 31, 1995. The parties amended the lease in May 1993. On May 31, 1994, Vakoch abandoned the leased premises. Although James continued to send invoices for rent due as well as late fees and interest, Vakoch did not make any further payments. The rate of interest and the amount of late charges were not specifically delineated on the invoices James sent, but Vakoch later learned James charged a rate of interest of 18% per annum on the indebtedness and late fees of $100 per month on the minimum rent due and $25 per month on the common-area maintenance charges.

[¶ 3] In March 1995, James sued Vakoch to recover rent, common-area charges, costs and attorney's fees as a result of the breach of the lease. At trial, Vakoch raised multiple defenses, including usury. The court found Vakoch breached the

lease and held in favor of James on all its claims but invoked civil usury penalties which reduced the amount of James' monetary award to 75% of the principal amount due, with no interest, late fees or attorney's fees included.

## I

[¶ 4] James argues the lease did not violate North Dakota's usury statute. According to section 47–14–10, N.D.C.C., which the district court applied here, penalties are assessed for usurious transactions.

> The taking, receiving, reserving, or charging of a rate of interest greater than is allowed by the laws of this state relative to usury shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it or which has been agreed to be paid thereon, and in addition thereto, a forfeiture of twenty-five percent of the principal thereof.

[¶ 5] A violation of N.D.C.C. § 47–14–09 is usury. Section 47–14–09 as well as section 47–14–05, N.D.C.C., are controlling in this case. At the time of contract in 1991 they provided as follows:

> 47–14–09. Usury—Definition—Maximum contract rate—Prohibition. Except as otherwise provided by the laws of this state, no person, partnership, limited partnership, trust, association, corporation, or other form of business entity, either directly or indirectly, shall take or receive, or agree to take or receive, in money, goods, or things in action, or in any other way, any greater sum or greater value for the loan or forbearance of money, goods, or things in action than five and one-half percent per annum higher than the current cost of money as reflected by the average rate of interest payable on United States treasury bills maturing in six months in

effect for North Dakota for the six months immediately prior to the month in which the transaction occurs, as computed and declared on the last day of each month by the state banking commissioner, but that in any event the maximum allowable interest rate ceiling shall not be less than seven percent, and in the computation of interest the same shall not be compounded; provided, however, that a minimum interest charge of fifteen dollars may be made. No contract shall provide for the payment of interest on interest overdue, but this section shall not apply to a contract to pay interest at a lawful rate on interest that is overdue at the time such contract is made. *Any violation of this section shall be deemed usury.*[1]

> 47–14–05. Legal rate of interest—Interest after maturity. Interest for any legal indebtedness shall be at the rate of six percent per annum unless a different rate not to exceed the rate specified in section 47–14–09 is contracted for in writing. All contracts shall bear the same rate of interest after maturity as they bear before maturity, and any contract attempting to make the rate of interest higher after maturity shall be void as to such increase of interest, except for a charge for late payment penalty charged in addition to interest which may not exceed fifteen dollars or fifteen percent of the late payment, whichever is less, unless otherwise agreed to in the real estate note or mortgage.[2]

[¶ 6] This Court interpreted and analyzed the relationship between sections 47–14–09 and 47–14–05, N.D.C.C., in *Oil Inv., Inc., v. Dallea Petroleum Corp.*, 152 N.W.2d 415, 418 (N.D.1967). Dallea Petroleum defaulted on a promissory note. The holder of the note, Oil Investment, sued and recovered principal and interest

---

1. Section 47–14–09, N.D.C.C., has been subsequently amended. *See* 1993 N.D. Sess. Laws ch. 463, § 2.

2. Section 47–14–05, N.D.C.C., has been subsequently amended. *See* 1997 N.D. Sess. Laws ch. 389, 1.

due on the note. The note contained a clause making the rate of interest after maturity higher than the rate before maturity. On appeal, Dallea Petroleum contended the note was usurious and the lower court should have applied the penalty for usury. This Court held the note was not usurious. In interpreting these statutes, we said "interest before maturity is compensation for the use of money and is regulated by Section 47–14–09, N.D.C.C., and that interest allowed after maturity is considered compensation for damages for the wrongful detention of money and is regulated by Section 47–14–05, N.D.C.C." *Id.* at 418. The Court concluded "any provision in any contract providing for a higher rate after maturity than before maturity, regardless of the rate, is void as to such increase and will have no other effect on the contract." *Id.* at 420.

[¶ 7] Although sections 47–14–05 and 47–14–09 have been amended since *Dallea,* their core language has not changed.[3] It is apparent the interest charged here was not before maturity, nor was it compensation for the use of money. It was compensation for damages for the wrongful detention of money. As such, section 47–14–05, N.D.C.C., applies to the transaction, not N.D.C.C. § 47–14–09.

[¶ 8] Under section 47–14–05, N.D.C.C., post-maturity interest rates and late fees are limited. *Royal Jewelers, Inc. v. Kopp,* 365 N.W.2d 525, 527 (N.D.1985) (holding Royal Jewelers was entitled only to interest allowed under 47–14–05 where customer was charged "service charges" for the balance on an open account). Unlike section 47–14–09, however, a violation of 47–14–05 does not constitute usury. *See Dallea,* 152 N.W.2d at 418–20 (finding N.D.C.C. § 47–14–05 applies to the note, but the note is not usurious).

[¶ 9] Other sources support our holding. According to American Jurisprudence, "[a] lease is neither a loan nor a forbearance subject to the usury statutes." 45 Am. Jur.2d Interest and Usury § 130 (1999); *see Orix Credit Alliance, Inc. v. Northeastern Tech Excavating Corp. et al.,* 634 N.Y.S.2d 841, 222 A.D.2d 796, 797–98 (3d Dep't 1995) (holding "because a lease does not constitute a loan or forbearance· of money, it does not fall within the definition of usury"); *Agristor Leasing v. William B. Barlow et al.,* 579 N.Y.S.2d 476, 180 A.D.2d 899, 901 (3d Dep't 1992) (concluding defense of usury was inapplicable in a dispute involving an equipment lease).

[¶ 10] The district court relied on *Metric Const., v. Great Plains Properties,* 344 N.W.2d 679 (N.D.1984) in concluding this lease is usurious. Metric Construction agreed to erect a basement and foundation walls for Great Western. Metric charged Great Western 18% annually on all past due accounts. While holding section 47–14–05, N.D.C.C., applied to the transaction, the Court said in a footnote, "Section 47–14–09 is the usury statute. The parties

3. When this Court in *Dallea* interpreted sections 47–14–05 and 47–14–09, the provisions read as follows:

47–14–05. Legal rate of interest—Interest after maturity.—Interest for any legal indebtedness shall be at the rate of four per cent per annum unless a different rate not to exceed the rate specified in section 47–14–09 is contracted for in writing. All contracts shall bear the same rate of interest after maturity as they bear before maturity, and any contract attempting to make the rate of interest higher after maturity shall be void as to such increase of interest.

47–14–09. Usury–Definition–Maximum contract rate-Prohibition.-Except as otherwise provided by the laws of this state, no person, copartnership, association, or corporation, either directly or indirectly, shall take or receive, or agree to take or receive, in money, goods, or things in action, or in any other way, any greater sum or greater value for the loan or forbearance of money, goods, or things in action than seven per cent per annum, and in the computation of interest the same shall not be compounded. No contract shall provide for the payment of interest on interest overdue, but this section shall not apply to a contract to pay interest at a lawful rate on interest that is overdue at the time such contract is made. Any violation of this section shall be deemed usury.

152 N.W.2d at 417.

agree that the 18% 'finance charge' in this case does not violate the usury statute. Usury is determined pursuant to a formula that requires factual information not in the record." *Id.* at 682 n. 3. While one may infer from this dictum § 47–14–09 would apply to facts like those in *Metric,* the *Metric* case did not hold § 47–14–09 applied to the case. Importantly, in *Metric,* the Court did not analyze, let alone overrule the *Dallea* precedent, which says interest charged after maturity is not subject to the usury statute (N.D.C.C. § 47–14–09). *See Dallea,* 152 N.W.2d at 420.

## II

[¶ 11] James argues the district court should have awarded attorney's fees as provided in the lease. According to the lease, Vakoch was to pay for any expenses including attorney's fees expended in litigation by James if a breach by Vakoch was established. The district court declined to award James the attorney's fees for four reasons: 1) There was a legitimate issue regarding whether James may have breached the lease by allowing a third beauty shop to come into the mall; 2) the lease was usurious; 3) the fact the lease provided for recovery by the landlord if the tenant breached, but did not provide for recovery by the tenant if the landlord breached; 4) the totality of the circumstances demonstrated recovery of attorney's fees would result in an inequitable and absurd recovery by James when the court has found James subject to usury laws.

[¶ 12] On remand, the district court is to reconsider its decision not to award James attorney fees in light of the fact the lease is not usurious.

[¶ 13] We reverse the district court's decision applying usury to the lease and remand this case to the district court to apply N.D.C.C. § 47–14–05 to James' recovery under the lease and reconsider its decision not to award attorney's fees.

[¶ 14] DALE V. SANDSTROM, WILLIAM A. NEUMANN, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.