■ FIFTY STATES MANAGEMENT CORP., Appellant, v. PIONEER AUTO PARKS, INC., et al., Respondents.— Order unanimously reversed, with costs, and the motion denied. Memorandum: Appellant, Fifty States Management Corporation (Fifty States) was the record owner of a parking lot in downtown Buffalo which it mortgaged to Benderson Development Corporation (Benderson) to secure a loan made by Benderson to Fifty States. In June, 1972 as further security for the debt (which then amounted to $212,775) Fifty States made a written assignment of an existing lease to Benderson and agreed to assign any future lease on these premises to Benderson. Six months later in December, 1972, Fifty States entered into a 20-year lease with the respondent Pioneer Auto Parks, Inc., (Pioneer). The total rent reserved for the 20-year term was $1,250,400 plus a percentage of Pioneer's gross income derived from the parking lot. Under the terms of the lease

the rent was payable in monthly installments, but the lease contained an acceleration clause providing that in the event of a default in the monthly installments the entire remaining unpaid rent would become due. Until June 1, 1973 monthly rental payments were made directly to Fifty States. On June 1, 1973 Pioneer was advised in writing of the rent assignment from Fifty States to Benderson. Thereafter Pioneer made payments payable to both Fifty States and Benderson. The August, 1973 rent payment was not made on time and Fifty States on August 20, 1973 commenced an action in the Erie County Supreme Court seeking the entire remaining rent of $1,226,955. On September 6, 1973 Fifty States contracted with Robinson Land Development Corporation to sell to Robinson the parking lot and the lease with Pioneer. In the contract, Fifty States specifically reserved the right to control and pursue the lawsuit then pending against Pioneer. Pioneer moved at Special Term for an order dismissing the complaint on the ground that Fifty States was not the proper party plaintiff. Special Term granted Pioneer's motion, holding that because of the rent assignment to Benderson, Benderson is the real party in interest to any claim for unpaid rents prior to the sale from Fifty States to Robinson. We cannot agree. While Benderson may be entitled to the unpaid rents accruing prior to the sale of the premises and the lease to Robinson, we are of the opinion that Fifty States remains a proper party. Where, as here, an assignment is given as security only, then the assignee's right against the obligor is conditional on the nonperformance of the duty to which the assignment is collateral. The assignee's rights are no greater than the amount of the debt owed by the assignor (4 Corbin, Contracts, § 881). Thus, here, where the debt was approximately $200,000 but the claim was for over $1,000,000, the assignor and the assignee are both interested parties. Where rents are assigned as security and collected to service an underlying indebtedness, the assignor should remain a proper party to protect its own interest that the rents are in fact collected. To hold otherwise would allow the assignee to place the assignor in default on the secured obligation simply by failing to make sure that the rent was collected from a perhaps reluctant lessee. Implicit in any assignment of a claim for security is a reservation to the assignor of the right to pursue the claim if the assignee chooses not to do so. Since such an action is pursued for the joint benefit of the assignor and the assignee, the assignee is also a necessary party to the action so that the parties' respective equities can be determined (CPLR 1001 [a]). Finally, with respect to Pioneer's argument that by operation of section 223 of the Real Property Law all claims passed to the grantee Robinson, despite the express reservation of those rights by Fifty States, we note that nothing in that section prevents a grantor and grantee from expressly reserving to the grantor any rights that might otherwise pass to the grantee. (Appeal from order of Erie Special Term in action on lease.) Present — Witmer, J. P., Moule, Cardamone, Simons and Del Vecchio, JJ.