**Sol F. CANTOR, Plaintiff-Appellant,**

v.

**UNION MUTUAL LIFE INSURANCE COMPANY, Defendant-Respondent.**

**No. 37658.**

Missouri Court of Appeals,
St. Louis District,
Division Three.

Feb. 8, 1977.

Cupples, Cooper & Haller, Inc., Irving L. Cooper, Bernard W. Gerdelman, Clayton, for plaintiff-appellant.

Armstrong, Teasdale, Kramer & Vaughan, Kenneth F. Teasdale, Richard B. Scherrer, St. Louis, for defendant-respondent.

SIMEONE, Chief Judge.

This is an appeal by plaintiff-appellant, Dr. Sol F. Cantor, from a judgment of the circuit court of St. Louis County entered on November 25, 1975, sustaining a motion for judgment on the pleadings filed by the defendant-respondent, Union Mutual Life Insurance Company (Union) which in effect disposed of plaintiff's claim for disability insurance, damages for vexatious delay and attorneys' fees. For reasons hereinafter stated, we reverse the order sustaining the motion for judgment on the pleadings and remand the cause for further proceedings.

This proceeding began on October 11, 1974, when the plaintiff, Dr. Sol F. Cantor, filed his petition against Union alleging, inter alia, that (1) on November 8, 1969, Union, for a premium, issued its disability insurance policy insuring him against disability caused by "sickness," (2) on or about December 17, 1973, he became totally disabled as a result of a "septic left ankle joint due to beta-hemolytic strep" and that the total disability continued until about April 12, 1974, (3) conditions precedent had been complied with, and (4) the sum of $6,000.00 was due under the policy. Plaintiff prayed for judgment for the sum due, for damages for vexatious delay and for attorneys' fees.

In due time, Union filed its answer containing an affirmative defense which alleged that the plaintiff, Dr. Cantor, had, on September 14, 1973, some three months prior to the alleged disability, instructed Union to cancel the disability policy, and, in accordance with his "written directions," Union cancelled the policy and so advised him by letter on September 27, 1973. Union further alleged that sometime thereafter[1] it advised plaintiff as to what steps would be required to reinstate the policy, which steps included a payment of a premium for September 1973 to January 1974 to be remitted by December 18, 1973, "otherwise a reinstatement application would have to be completed."[2] Dr. Cantor sent the premium and on January 4, 1974, he was notified by Union's agent that the policy had been reinstated as of that date. The answer further alleged that although plaintiff's illness had begun on December 17 it occurred at a time when the policy was not in force and that under the terms of the reinstatement provisions of the policy the reinstatement was applicable only to those losses due to sickness as "may begin more than ten days after such date [January 4, 1974]." Union therefore urged that there was no coverage for the "illness" set forth in the petition.

On February 3, 1975, Union filed an amended answer which urged as an additional defense that Dr. Cantor "has no right, title or interest in said expired policy or to any of the benefits thereof" because, on June 3, 1971, he "assigned all his right, title and interest in said policy" and all "benefits which may have become payable thereunder" to "Hallet-Ginsburg Realty Company of Ohio."[3]

On the same date on which the amended answer was filed, Union filed its motion for judgment on the pleadings. Thereafter, on February 19, 1975, Union filed its "Request For Admissions" under Rule 59.01. Union requested that Dr. Cantor admit that the assignment has not been cancelled by the assignee, Hallet-Ginsburg. Plaintiff answered on March 18, 1975, and one answer to the request was equivocal.[4] On September 22, 1975, the motion for judgment on the pleadings was argued.

On November 3, 1975, Dr. Cantor filed his affidavit in opposition to Union's motion for judgment on the pleadings. In that affidavit he stated that (1) he did execute the

1. Correspondence filed in connection with plaintiff's affidavit in opposition to Union's motion for judgment on the pleadings indicates that on October 25, 1973, Union received Dr. Cantor's letter indicating he wished to continue the policy. Numerous correspondence followed and on December 3, 1973, Union wrote to plaintiff outlining the requirements for reinstatement including the premium. Dr. Cantor did not receive this letter until December 10, 1973. On December 23, 1973, Union received Dr. Cantor's December 15, 1973 letter including "your premium dollars and requested PAC forms."

2. Correspondence indicated that Dr. Cantor sent the letter and premium on December 15, 1973, but it was not received until December 28, 1973, after the date of the alleged disability.

3. On June 3, 1971, Dr. Cantor executed an "Assignment of Health Insurance Policy" to Hallet-Ginsburg Realty Company, a partnership organized under the laws of Ohio. The assignment stated that "I, Sol F. Cantor, the Insured under Policy No. . . . ., issued by UNION MUTUAL LIFE INSURANCE COMPANY, . . . DO HEREBY, . . . assign, transfer and set over unto Hallet-Ginsburg Realty Company, . . . all my right, title and interest in said Policy and in and to any and all benefits which may hereafter become payable thereunder in the event of any and all disabilities hereafter incurred by me while insured under the Policy. . . . ." In paragraph 4 of the Assignment there were two boxes for marking: (1) an absolute assignment, subject to its terms and conditions, and (2) a conditional assignment, "made as or for collateral security for any and all of my present or future indebtedness to the Assignee." Neither box was marked. However, a notation provided that, "If neither box above is marked or if both boxes are marked, this assignment shall be considered a collateral assignment."

4. Dr. Cantor answered: "I was under the impression that the assignment was no longer in effect. I now am told that it may or may not be in effect. I am investigating the assignment and if it is in effect, I am making arrangements to satisfy the indebtedness for which the assignment was given as security. However, the indebtedness is far less than what I believe Union Mutual owes me."

assignment on June 3, 1971, "for a debt then due and owing to Hallet-Ginsburg Realty Company . . ."; (2) the amount of his claim against Union exceeded the debt owed to Hallet-Ginsburg; and (3) originally in its answer and in earlier correspondence Union denied coverage on the sole ground that the policy had been cancelled but alleged an additional ground—the assignment—as a defense in its amended answer.

On the same date, November 3, 1975, Dr. Cantor also moved to strike the defense of the assignment contained in Union's amended answer. A few days later, Union moved for various reasons to strike Dr. Cantor's affidavit.

It was in this posture that the trial court ruled on Union's motion for judgment on the pleadings. The trial court, in a brief order, sustained the motion and entered judgment in favor of the defendant, Union Mutual. It is from this order of November 25, 1975, the appeal is taken by Dr. Cantor.

On this appeal Dr. Cantor urges several points for reversal. First, he contends the court erred in sustaining the motion for judgment on the pleadings because fact issues were raised. Second, he urges that if the trial court treated the motion as one for summary judgment, the court erred in sustaining it because genuine issues of fact existed. Third, he contends the court erred because he is still "the" real party in interest to maintain an action on the policy although he had executed an assignment to Hallet-Ginsburg. Fourth, he contends the court erred in sustaining the motion for judgment and in denying his motion to strike the defense of assignment because the defendant is estopped from raising this additional defense since Union originally denied coverage on the sole ground that the policy was cancelled.

The respondent, Union Mutual Life Insurance Company, on the other hand, urges that the motion for judgment was in reality one for summary judgment and contends the trial court did not err because (1) there were no genuine issues of fact to be tried, (2) Dr. Cantor was not the real party in interest since he had assigned his rights under the policy and that it did not waive its rights to assert this defense by first relying on the defense that the policy was not in force, and (3) Dr. Cantor failed to join an "indispensable" party under Rule 52.04—the assignee, Hallet-Ginsburg.

We need not enter into an extended discussion as to each contention raised by the appellant, for we are convinced that, under the pleadings, fact issues were actually raised which necessitate a hearing to determine these factual issues.

The trial court, faced with the petition, answer, amended answer, motions, requests for admission and answers thereto, without time for deliberation and reflection, could well have concluded that there was no merit to the plaintiff's claims under the policy. But, after due deliberation, research and study, perhaps not available to the trial court, we are convinced that the cause must be reversed and remanded for a hearing and trial.

Rule 55.27(b) provides that:

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 74.04, and all parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 74.04."

We do not believe that the trial court in this instance treated the motion for judgment on the pleadings as one for summary judgment, and, since the motion was one for judgment on the pleadings and fact issues were raised, the court erred in sustaining the motion.

In *Laclede Gas Company v. Hampton Speedway Company*, 520 S.W.2d 625, 629 (Mo.App.1975), we held that, while a trial court is authorized to treat a motion to dismiss as a motion for summary judgment,

some indication by the court to the parties that it is treating the motion as one for summary judgment is necessary. It is important that the court give the parties notice of the changed status of the motion before it should be treated as one for summary judgment. There was no indication from the record before us that Union's motion for judgment on the pleadings was changed from a motion for judgment on the pleadings to one for summary judgment. Furthermore, there was no indication that the trial court considered matters outside the pleadings and there is nothing to indicate that matters presented to the trial court were not excluded. Under these circumstances, we believe that the motion filed by Union for a judgment on the pleadings was treated as such by the trial court and that it had no other status. *Laclede Gas Company v. Hampton Speedway Company*, supra, 520 S.W.2d at 629.

There are certain well-established principles relating to a motion for judgment on the pleadings. A motion for judgment on the pleadings is not favored. *Helmkamp v. American Family Mutual Insurance Co.*, 407 S.W.2d 559, 565 (Mo.App.1966). Such a motion raises an issue of law only and not an issue of fact. The question is whether the moving party was entitled to judgment as a matter of law on the face of the pleadings. Where an issue of fact is presented by the pleadings a motion for judgment should be denied. *Keener v. Black River Electric Co-operative*, 443 S.W.2d 216, 218 (Mo.App.1969); *Ingle v. City of Fulton*, 268 S.W.2d 600, 603 (Mo. App.1954). The motion admits facts well pleaded. The position of a party moving for judgment on the pleadings is similar to that of a movant on a motion to dismiss, i.e., assuming the facts pleaded by the opposite party to be true, these facts are nevertheless insufficient as a matter of law.

*Keener v. Black River Electric Co-operative*, supra, 443 S.W.2d at 218. The allegations of the petition are to be considered as true for purposes of the motion. *Century Electric Co. v. Terminal R. Ass'n of St. Louis*, 426 S.W.2d 58, 60 (Mo. 1968). Here the petition alleged certain facts relating to the disability policy including that the policy was in full force and effect. When the defendant, Union, in its answer alleged it was not, an issue of fact was raised although no reply was forthcoming by the plaintiff. Rule 55.01. Since the answer did not contain a counterclaim denominated as such, no reply was necessary and the averments in the answer were taken as denied. Rule 55.09.

The pleadings here were not insufficient as a matter of law. Fact issues were raised. This was not an issue concerning the interpretation of words in the policy. Cf. *Whited v. Nat. Western Life Ins. Co.*, 526 S.W.2d 364 (Mo.App.1975).[5] Hence, we hold that (1) the motion was a motion for judgment on the pleadings, (2) it was treated by the trial court as such and was not treated as one for summary judgment, (3) the pleadings raised issues of fact, and hence (4) the trial court was in error in sustaining the motion and entering judgment on the merits in favor of the defendant, Union.

Union's amended answer raised the issue that Dr. Cantor was not the real party in interest because he had made an assignment. Union apparently based its motion for judgment on the pleadings on the grounds, inter alia, that Dr. Cantor was not the real party in interest.

We are convinced that, although an assignment was executed by Dr. Cantor, he still had a sufficient interest under Rule 52.01 to maintain the action as a real party in interest.

**5.** Respondent argues that its motion was in reality one for summary judgment. It contends that even though plaintiff did not file a reply, defendant did not rest on its pleadings alone and filed requests for admission, the answer to which admitted that plaintiff executed the assignment and that it contained his signature. Respondent also contends that plaintiff's answer as to the assignment was evasive and implied that the debt to Hallet-Ginsburg still existed. His affidavit also showed that the debt still existed so that the assignment is still in effect and not cancelled. Hence, respondent argues, there were no genuine issues of fact. But, as shown above, we believe that the motion was not one for summary judgment.

Rule 52.01 requires that every civil action shall be prosecuted in the name of the real party in interest. The purpose of this rule is to enable those who are directly interested in the subject matter and entitled to reap its fruits be the ones to maintain the action. *Kaufman v. Henry*, 520 S.W.2d 152, 154 (Mo.App.1975). It has usually been held that where a claimant has assigned the entire claim or cause of action, he no longer has an interest in the claim and is no longer the real party in interest to maintain the action. *State ex rel. Home Service Oil Company v. Hess*, 485 S.W.2d 616, 618 (Mo.App. banc 1972). The courts have been mainly concerned with related concepts of splitting a cause of action and multiplicity of actions. Judicial concern regarding the real party in interest issue is based upon a policy against splitting a cause of action leading to multiplicity of litigation. *LoBello v. Laclede Gas Co.*, 517 S.W.2d 474, 477 (Mo.App.1974).

In Missouri there is a difference between the assignment of a claim and subrogation to a claim. When there is an assignment of an entire claim there is a complete divestment of all rights from the assignor and a vesting of those same rights in the assignee; but, in a case of subrogation, only an equitable right passes to the subrogee and the legal right to the claim is not removed from the subrogor. *Holt v. Myers*, 494 S.W.2d 430, 437 (Mo.App.1973).

We deal here with an assignment of "all my right, title and interest in said Policy and in and to any and all benefits which may hereafter become payable thereunder in the event of any and all disabilities hereafter incurred by me while insured under the Policy."

But, in reality, as the assignment itself states, we deal with a conditional assignment or one for "collateral security for any and all of my present or future indebtedness to the Assignee." While numerous decisions in this state have dealt with the question of real party in interest when the issue involves an assignment or subrogation, the effect of an assignment for collateral security has not been definitively settled in this state. It has not been settled as to whether, under an assignment for collateral security, the real party in interest is the assignee or the assignor or whether each—assignor and assignee—may maintain an action, the other being a necessary party to the action brought by one.

The issue as to who is a proper party to maintain an action when there has been an assignment for collateral security is not new. In other jurisdictions it has been held that, where an assignment is given as collateral security only, the assignor retains such an enforceable substantive right so as to maintain an action, even though the assignment appears to be absolute in form.[6] This does not mean, however, that the assignee does not have a sufficient interest to maintain suit, for the assignee, too, has an enforceable substantive right.[7] The assign-

6. 18 Couch on Insurance 2d, § 74:313, p. 421 (1968); *United States v. Verrier*, 179 F.Supp. 336, 340–341 (D.Me.1959); *Harambee Enterprises, Inc. v. State Bd. of Agric.*, 511 P.2d 503, 504 (Colo.App.1973); *Fifty States, etc. v. Pioneer Auto Parks*, 44 A.D.2d 887, 355 N.Y.S.2d 856, 858 (1974); *Texas San Juan Oil Corp. v. An-Son Offshore Drilling Co.*, 194 F.Supp. 396, 397 (S.D.N.Y.1961); *Cargo & Tankship Management Corp. v. India Supply Mission*, 221 F.Supp. 680, 685 (S.D.N.Y.1963); *Frensdorf v. Stumpf*, Sup., 30 N.Y.S.2d 211, 217 (S.Ct.1941) —likened to a pledge; *Kelley v. Bluff Creek Oil Company*, 158 Tex. 180, 309 S.W.2d 208, 212 (1958)—likened to a pledge; *Globe Aircraft Corporation v. Thompson*, 203 S.W.2d 865, 868 (Tex.Civ.App.1947); *Louk v. Patten*, 58 Idaho 334, 73 P.2d 949, 951 (1937).

7. *United States v. Verrier*, supra, 179 F.Supp. at 340–341; *Butler v. Gage*, 14 Colo. 125, 23 P. 462, 465 (1889); *Barak v. Detroit Apartments Corporation*, 232 Mich. 59, 204 N.W. 745, 746 (1925); *Chicago, R. I. & P. Ry. Co. v. Bankers' Nat. Bank*, 32 Okl. 290, 122 P. 499, 500 (1912) —assignee "may" sue; *Marker v. Gillam*, 54 Okl. 766, 154 P. 351, 354 (1916); *Talmadge v. United States Shipping Board, etc.*, 54 F.2d 240, 243 (2nd Cir. 1932)—assignee "might" sue; *Fox-Greenwald Sheet Metal Co. v. Markowitz Bros., Inc.*, 147 U.S.App.D.C. 14, 452 F.2d 1346, 1359 n.82 (1971)—recognizing assignor retains sufficient interest; 3A Moore's Federal Practice, ¶ 17.09[1.–1], p. 279 (2nd ed. 1974); 6 Wright & Miller, Federal Practice and Procedure, § 1545, p. 652 (1971)—assignee is "allowed" to sue.

or and the assignee are both interested parties. When the assignor maintains suit the assignee is a "necessary" party.[8]

Under these authorities we are convinced that Dr. Cantor, although he made an assignment for collateral security of a debt he may have owed or would owe to Hallet-Ginsburg, retained sufficient interest so as to maintain an action against Union Mutual on the disability policy.

We hold therefore that the defense raised in the defendant's first amended answer that plaintiff has no right to maintain suit because he had made an assignment to Hallet-Ginsburg does not preclude Dr. Cantor from maintaining this action; hence, the trial court erred in sustaining the motion for judgment on the pleadings.

Union Mutual contends that the action of Dr. Cantor should be dismissed, under Rule 52.04, for failure to join Hallet-Ginsburg because it is an "indispensable" party to the action. We are, of course, solicitous that the defendant, Union Mutual, should not be subjected to a multiplicity of actions. But, when the assignor maintains an action as a real party in interest, the assignee is only a "necessary" party and not an "indispensable" one. *Cf.* 3A Moore's Federal Practice, supra ¶ 19.14[1], p. 2401 and authorities cited. A multiplicity of actions may be prevented by moving to join the assignee, if feasible. Rule 52.-04(a); *State ex rel. Emcasco Insurance Company v. Rush*, Mo.App., 546 S.W.2d 188 (1977).

We hold and conclude therefore that (1) the trial court erred in sustaining Union Mutual's motion for judgment on the pleadings, (2) the plaintiff, Dr. Cantor, although he executed an assignment for collateral security, maintains a sufficient interest in the policy to maintain an action for disability benefits as a real party in interest, and (3) the assignee, Hallet-Ginsburg, is a necessary, although not an indispensable, party to the action and should, upon motion, be joined if feasible under Rule 52.04.

Since we hold that the trial court erred in sustaining the motion for judgment on the pleadings and that the assignor of an assignment for collateral security has a sufficient substantive interest to maintain the action against the respondent, it is unnecessary to discuss the issue raised by appellant that the respondent, Union Mutual, is estopped to assert the defense that Dr. Cantor had assigned his interest in the policy since it had first relied upon the defense that the policy was not in effect. Neither is it necessary to discuss the plaintiff's motion to strike the defense of an assignment.

In the posture of this case there should be a factual determination of the principal issues raised by the pleadings. It may well be that upon trial the appellant, Dr. Cantor, may not be able to prove his claim sufficiently to recover under the policy. All that we say here is that he should be given the opportunity to do so and the sustaining of Union's motion for judgment on the pleadings was erroneous.

The judgment is reversed and the cause remanded for further proceedings.

KELLY and GUNN, JJ., concur.

---

**8.** *Fifty States, etc. v. Pioneer Auto Parks*, supra, 355 N.Y.S.2d at 858; *Texas San Juan Oil*

*Corp. v. An-Son Offshore Drilling Co.*, supra, 194 F.Supp. at 397.