376 S.E.2d 151

**Ethel Lena BANE, et al.**

v.

**WHITMAN LAND RESOURCES,
Striker Oil & Gas Corp.**

**No. 17906.**

Supreme Court of Appeals of
West Virginia.

Dec. 9, 1988.

John E. Lutz, J.W. Riccardi, Riccardi & Lutz, Charleston, for appellants.

J.K. Chase, Jr., Hyde & Gardner, Moundsville, for appellees.

PER CURIAM:

This is an appeal by Striker Oil & Gas Corporation and Discovery 1981 Private Drilling Program from an order of the Circuit Court of Marshall County denying their motion to set aside a default judgment in a lease-cancellation action. They claim that they were not served with process in the action and that under the circumstances the circuit court erred in refusing to set aside the default judgment. After reviewing the record this Court agrees and reverses the decision of the Circuit Court of Marshall County.

On June 1, 1977, J. Ercil Bane leased the oil and gas under a 306–acre tract of land in Marshall County, West Virginia, to Carl E. Smith, Inc. That lease was subsequently assigned on October 1, 1981, by the

lessee, Carl E. Smith, Inc. to Whitman Oil & Gas Corporation. On October 5, 1981, Whitman Oil & Gas Corporation made an "Assignment for Security" of the lease to Whitman Land Resources. That "Assignment for Security" stated:

This assignment is given to secure that certain promissory note dated October 5, 1981, executed by Whitman Oil & Gas Corporation to the Whitman Land Resources and to secure the payment of any renewal or extension of said note and any and all future notes executed by the ASSIGNOR herein, as Maker, to Whitman Land Resources and the said note as the same may be renewed or extended until it is fully paid and with interest. When this obligation or any renewal thereof, together with all interest is fully paid, the ASSIGNEE herein shall re-assign to the ASSIGNOR all his right, title, and interest in said premises.

Whitman Oil & Gas Corporation also assigned 30.94% of the net profits from the lease to E.S. One Capital Corporation. This net profit's interest was later assigned to Striker Oil & Gas Corporation, one of the appellants in the present proceeding.

After making these assignments, Whitman Oil & Gas Corporation assigned all of its remaining right, title, and interest in the lease, its royalty interest, and personal property located on the lease to Discovery 1981 Private Drilling Program.

Documents related to all these transactions were recorded in the office of the Clerk of the County Commission of Marshall County, West Virginia, and a producing well was drilled on the leased premises.

On or about January 17, 1986, Ethel L. Bane and the heirs of J. Ercil Bane, deceased, the lessor in the 1977 lease, instituted an action in the Circuit Court of Marshall County against Whitman Land Resources to declare the oil and gas lease forfeited and the oil and gas well located on the lease abandoned. The Banes claimed that the well had been shut in since March 24, 1982, that no further development had occurred on the property, and that required delay rentals had not been tendered or paid.

On January 23, 1986, the complaint naming Whitman Land Resources as the defendant was forwarded to the West Virginia Secretary of State for service by certified mail. The Secretary of State attempted to make service by certified mail, but the complaint was returned to his office as "unclaimed." After this occurred the Banes, on March 7, 1986, orally moved for entry of a default judgment and submitted an affidavit indicating that they had filed their complaint, that the defendant had been served with a copy of the summons, together with a copy of the complaint, through the West Virginia Secretary of State, the defendant's statutory attorney-in-fact under *W. Va. Code*, 47–9–4, that more than thirty days had elapsed since the service, and that the defendant had failed to answer or otherwise defend. After receiving the motion and the affidavit, the circuit court, on March 7, 1986, entered an order which had the effect of declaring a forfeiture and abandonment of the lease.

Striker Oil & Gas Corporation and Discovery 1981 Private Drilling Program subsequently learned of entry of the default judgment, and on or about August 23, 1986, filed a motion for relief from the default judgment order. They stated that the underlying action had been instituted against a wrong party, Whitman Land Resources, because Discovery was the record owner of the Bane lease and Bane well and that Striker was the owner of the 30.94% net profit interest in the Bane lease. They also alleged that entry of the default judgment was improper since neither Discovery nor Striker had been served with a copy of the complaint. In later memoranda they asserted that delay rentals had in fact been tendered to the Bane family.

After receiving the motion and affidavit, the trial court on March 30, 1987, entered an order denying Striker Oil & Gas Corporation and Discovery 1981 Private Drilling Program relief from the default judgment. The court reasoned that the October 5, 1981 "Assignment for Security" by Whitman Oil & Gas Corporation to Whitman Land Resources effectively transferred to Whitman Land Resources all Whitman Oil

& Gas Corporation's interest in the lease in question. Because that assignment was entered into prior to the transfers to Striker Oil & Gas and Discovery 1981 Private Drilling Program, the court reasoned Striker Oil & Gas Corporation and Discovery 1981 Private Drilling Program actually received no interest in the lease as a result of the subsequent assignments made by Whitman Oil & Gas Corporation. It is from this ruling denying relief from the default judgment that the appellants, Striker Oil & Gas Corporation and Discovery 1981 Drilling Program, now appeal.

■ The first question presented in this proceeding is whether the "Assignment for Security" between Whitman Oil & Gas Corporation and Whitman Land Resources effectively transferred all Whitman Oil & Gas Corporation's interest in the lease in question to Whitman Land Resources so that the subsequent assignments to Whitman Oil & Gas Corporation were legally ineffective to transfer to the appellants, Striker Oil & Gas Corporation and Discovery 1981 Drilling Program, any interest in the lease.

It is generally recognized that not all assignments absolutely transfer to the assignee all the rights of the assignor in the matters assigned. On this point 6A C.J.S. *Assignments* § 82 (1975) states:

An assignment that is made as collateral security for a debt gives the assignee only a qualified interest in the assigned chose, commensurate with the debt or liability secured, although the assignment is absolute on its face. Such an assignment is not controlled by its form but is treated and considered as, what in substance it is, a security device.

Relating to this, in *C & M Developers, Inc. v. Berbiglia*, 585 S.W.2d 176, 181 (Mo.Ct. App.1979), it is stated that:

[T]he general rule is that an absolute assignment of an entire right or interest works a divestiture of all right or interest of the assignor therein and for purposes of maintaining a civil action thereon the assignee becomes the real party in interest. *Lumbermen's Mutual Casualty Co. v. Norris Grain Co.*, 343 F.2d 670,

688 (8th Cir.1965); *Milliken–Helm Commission Co. v. C.H. Albers Commission Co.*, 244 Mo. 38, 147 S.W. 1065, 1067 (1912); and *Guerney v. Moore*, 131 Mo. 650, 32 S.W. 1132, 1137 (1895). On the other hand, a conditional assignment made as collateral security for a debt does not work a divestiture of all right or interest of the assignor therein but, to the contrary, he retains a sufficient right or interest therein to qualify as a real party in interest for the purpose of maintaining a civil action. *Cantor v. Union Mut. Life Ins. Co.*, 547 S.W.2d 220, 226 (Mo.App.1977); *Key v. Continental Ins. Co.*, 101 Mo.App. 344, 74 S.W. 162, 166 (1903); *Hoeppner Construction Company v. United States*, 287 F.2d 108, 112 (10th Cir.1960); *United States v. Verrier*, 179 F.Supp. 336, 341 (D.Me.1959); and *Fifty States Management Corp. v. Pioneer Auto Parks, Inc.*, 44 A.D.2d 887, 355 N.Y.S.2d 856, 858 (1974).

The assignment document in the case presently before the Court bears the heading "Assignment for Security". The instrument specifically indicates that it is given to secure a certain promissory note dated October 5, 1981, and any renewals or extensions of that note. A fair reading and interpretation of this assignment indicates that it is not intended to be an absolute assignment of all the assignor's rights in the oil and gas lease under consideration, but an assignment made to create a collateral security interest. As a consequence, this Court believes that Whitman Oil & Gas Corporation, at the time it entered into the later assignments upon which the appellants, Striker Oil & Gas Corporation and Discovery 1981 Private Drilling Program, base their claims, did own the lease in question subject to the security interest.

■ The next question presented is whether the circuit court could properly enter default judgment in the absence of Striker Oil & Gas Corporation and Discovery 1981 Private Drilling Program. In syllabus point 1 of *Pauley v. Gainer*, 177 W.Va. 464, 353 S.E.2d 318 (1986), this Court explored the law relating to this question and stated:

Under Rule 19(a) of the West Virginia Rules of Civil Procedure a party becomes an indispensable party if he has an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may as a practical matter impair or impede his ability to protect that interest.

The Court further explained that even the most rudimentary notions of due process of law would dictate this result even in the absence of Rule 19(a) of the West Virginia Rules of Civil Procedure. *See Pauley v. Gainer, supra,* 177 W.Va. at 466, 353 S.E.2d at 320.

In the case presently before the Court, the transfers from Whitman Oil & Gas Corporation created substantial ownership interests in the lease in controversy in Striker Oil & Gas Corporation and Discovery 1981 Private Drilling Program. Obviously the cancellation of the lease would result in a termination of Discovery 1981 Private Drilling Program's interest as well as Striker Oil & Gas Corporation's interest. Cancellation of the lease will, as a practical matter, destroy their property interests. Because of this, this Court believes that under the test established in syllabus point 1 of *Pauley v. Gainer, supra,* Discovery 1981 Private Drilling Program and E.S. One Capital Corporation must be considered indispensable parties to any action for the cancellation of the lease.

█ It is fundamental that an indispensable party's presence is required in an action so that a trial court may make an adjudication equitable to all persons involved. *See* 3A J. Moore, *Moore's Federal Practice,* § 19.05 [2d ed. 1987]; *Dixon v. American Industrial Leasing Co.,* 157 W.Va. 735, 205 S.E.2d 4 (1974). Under this rule the Circuit Court of Marshall County could not properly have cancelled the Bane lease in the absence of Striker Oil & Gas Corporation and Discovery 1981 Private Drilling Program. Under the circumstances the court erred in refusing to set aside its default judgment when Striker and Discovery's interests in the Bane lease were called to the court's attention.

Accordingly, the judgment of the Circuit Court of Marshall County is reversed and this case is remanded with directions that the court set aside the default judgment in question.

Reversed and remanded with directions.