**Don Mike PETRIE and Bertha E. Petrie, Respondents,**

v.

**Larry Jay LEVAN, Appellant.**

**No. WD 40179.**

Missouri Court of Appeals,
Western District.

Dec. 13, 1988.

Jorge A. Elliott, Kansas City, for appellant.

Jim R. Petrie, Raytown, for respondents.

Before SHANGLER, P.J., and CLARK and NUGENT, JJ.

CLARK, Judge.

In a suit for breach of contract and conversion, the respondents as plaintiffs below had judgment against appellant for $3454.22. On appeal, defendant Levan contends the court erred when it found the contract had been breached. He also argues that the damages allowed were not proved. Reversed and remanded.

The facts of the case, excepting only the dispute as to damages, were not in controversy.

The subject of the sale contract was a residence property owned by appellant. After the sale contract had been signed, respondents made an inspection of the property and appellant moved out. The formal closing and delivery of deed were later that week, September 24, 1986, at the office of FirsTier Mortgage Co. where respondents had obtained financing for the purchase. Unknown to the parties at the time of closing, a severe storm damaged the roof of the house the night of September 23, 1986.

When respondents discovered the damage, they suggested to appellant that he make a claim to his insurance company, respondents' coverage having been initiated on September 24, after the damage had been sustained. Appellant did present a claim and he received a settlement payment of $2176.22. Respondents demanded that appellant pay the settlement proceeds over to them and when the money was not paid, this suit was filed.

This case was tried to the court without a jury. It is apparent from the findings of fact and conclusions of law entered by the court that the verdict for plaintiffs was based on the theory that appellant as seller

had breached the terms of the real estate contract. This result is exemplified in the following, extracted from the court's findings:

3. The Defendant in accordance with the contract was required to convey property in good repair having an agreed value of $66,500.00, or was required to make the necessary repairs to put the property back in the condition it was in at the time the Plaintiffs agreed to purchase it from him.

4. The Defendant, having sold the property to the Plaintiffs for $66,500.00, and having kept the entire $66,500.00, has breached his agreement with the Plaintiffs.

The above quoted findings are not supported by the evidence in the case.

■ The terms of the sale agreement were incorporated in a written real estate sale contract for which a printed realtor's form was used. There was no evidence concerning the agreement between the parties other than the terms which appeared in the contract. It is correct, as the court found, that the parties had agreed to a sale price of $66,500.00, but whether the property actually had a value of that amount was not a representation expressly made by appellant, or to be implied. The respondents may and apparently did have the opinion that the value of the property was $66,500.00, but the obligation of appellant was merely to convey the described real estate and improvements, whatever their value may have been. The trial court therefore erred when it based its verdict on the finding that appellant breached a contract to convey to respondents property of a value of $66,500.00

■ A more significant defect in the court's findings is the conclusion that appellant had breached the contract requirement that he convey the property in good repair. This finding was apparently based on the court's mistaken assumption that the contract included some covenant on the part of the seller that the property would be maintained by the seller between the date of the sale contract and the date the deed was delivered. There was no such provision in the contract in this case.

The only pertinent clause in the agreement was a standard paragraph referable to casualty losses. Under that clause, if the property to be conveyed was substantially damaged by fire, lightning or other casualty before delivery of the deed, the buyer was granted the option of cancelling the contract and obtaining a refund of the deposit or of enforcing the contract. No term of the contract obligated appellant as seller to maintain insurance on the property nor was there any agreement by appellant to make repairs if a casualty occurred. If the buyers did not elect to cancel the contract, as was the situation here, no clause of the contract obligated the seller to make repairs and therefore the buyers could not assert a breach of the contract when the seller declined to make or pay for repairs. The trial court erred when it found otherwise as a ground to award respondents damages.

Under the sale contract in this case, the risk of loss by casualty before delivery of deed was on the seller because substantial damage to the improvements could have been a basis for the buyers to cancel the purchase and obtain a refund of their deposit. Appellant chose to insure that risk solely for his own benefit. No provision of the contract may be viewed as operating to assign an interest in the policy to respondents, or to the claim proceeds, the policy having been voluntarily maintained by appellant for his own benefit.

The parties cite *Skelly Oil Company v. Ashmore*, 365 S.W.2d 582 (Mo. banc 1963). The case is informative but not applicable to the points reviewed in this appeal because *Skelly* was a suit in equity. There, a purchase option had been taken with no provision made for risk of loss in the event of a casualty. Notice was given of Skelly's intent to exercise the option and thereafter, but prior to closing, the improvements on the property were destroyed by fire. Skelly offered to complete the transaction by paying the sellers the difference between the sale price and the sum paid the sellers by their insurance. The sellers refused

and suit for specific performance was commenced.

The court held the sellers obligated to convey title upon payment by Skelly of an amount which, when added to the sum of the insurance proceeds, would equal the option sale price. The decision was based on the principle that where the contract does not provide otherwise and the buyer elects to sue in equity for specific performance, it is not equitable to make the vendee pay the vendor for something the vendor cannot give him. To the extent insurance proceeds are substituted for the property destroyed, buyer and seller are treated equitably and the seller receives all he bargained for. *Id.* at 589.

The *Skelly* case announces no principle applicable to the present suit which was not in equity but was for breach of contract.[1] As we have demonstrated, there was no breach of the real estate sale contract and no right of recovery for respondents on their petition as drawn. This is not to say, however, that respondents were without a remedy.

The fault in respondents' case is that a contract action was pursued under facts which would not, in any event, support recovery on that ground. Those same facts, however—receipt by appellant of the full purchase price and retention by him of the insurance proceeds as well, leaving respondents to assume the expense for repair of the damage—suggest that respondents may have a viable cause of action in equity. ■ In *Fairbanks v. Chambers*, 665 S.W.2d 33, 40 (Mo.App.1984), upon authority there cited, this court held that where a plaintiff fails to substantiate the theory upon which his case was tried but also shows a state of facts which might entitle him to recover if his case were brought on a proper theory, the judgment will not be reversed outright, but instead, in the exercise of sound judicial discretion, the case will be remanded to give him the opportunity to amend his petition so as to state a case upon the theory which his evidence discloses. This is such a case.

For the reasons stated, the judgment entered must be reversed, but we conclude, in the exercise of judicial discretion, that respondents should be permitted to amend their petition to state a cause of action in equity. This is not to say that a case for recovery of any sum from appellant may necessarily be made, only that a possibility for equitable relief appears from the facts.

■ The disposition reached makes unnecessary any discussion of appellant's second point related to proof of damages. It does follow, however, that in an equitable action, the limit upon respondents' recovery would be the actual amount paid appellant by his insurance.

The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

All concur.

■

---

1. In *Skelly*, there was no contract provision, as here, providing options to the buyer in the event of a casualty. The language in the subject contract suggests that the buyers have forfeited their right to offset the casualty damage against the purchase price and have limited themselves to the choices of cancellation or accepting the property in the damaged condition at full price. We do not, however, reach a decision on the question because that is unnecessary to disposition of the case in the context presented.