J.E. DUNN JR. AND ASSOCIATES, INC., Plaintiff/Appellant,

v.

TOTAL FRAME CONTRACTORS, INC., et al., Defendants/Respondents.

No. WD 42258.

Missouri Court of Appeals,
Western District.

April 24, 1990.

Thomas M. Moore, Frederick G. Thompson, IV, Kansas City, for plaintiff/appellant.

Gordon R. Gaebler, Kansas City, for defendants/respondents.

Before KENNEDY, P.J., and
LOWENSTEIN and TURNAGE, JJ.

KENNEDY, Presiding Judge.

J.E. Dunn, Jr., and Associates appeal from a judgment dismissing its petition

against Total Frame Contractors, Inc., and its attorney, Gordon R. Gaebler, for damages for violation of Supreme Court Rule 55.03 (Counts I and II); malicious prosecution (Count III); and, alternatively, equitable relief if Counts I, II, and III were found not to state a cause of action (Count IV).

We treat the trial court's dismissal of the petition as a summary judgment. Rule 55.27(b); Rule 74.04. The trial court's dismissal was in response to Total Frame's "Motion to Dismiss and in the Alternative for Summary Judgment". The motion was accompanied by affidavits and documentary evidence supporting defendants' motion.

We note that under Rule 55.27, when matters outside the pleadings are presented to and not excluded by the court, a motion to dismiss is to be treated as one for summary judgment. Under Rule 74.04, summary judgment is to be rendered only when it is clear from the pleadings, depositions, admissions on file, and any affidavits that there is no genuine issue of material fact.

*Black Leaf Products Co. v. Chemsico, Inc.,* 678 S.W.2d 827, 829 (Mo.App.1984).

The facts, gathered from the materials before the trial court on the motion for summary judgment and not disputed, are as follows:

Dunn was general contractor for the construction of a sewage treatment plant, and Total Frame was subcontractor for the concrete work. The construction project was known as Project T–15. Total Frame encountered numerous problems in the course of construction which caused delays, additional overhead and field expense. It blamed the problems on Dunn's mismanagement, and on August 20, 1987, it filed suit against Dunn in the Circuit Court of Jackson County, Missouri, for $260,226.08 damages.

On November 11, 1987, Total Frame executed a document entitled "Assignment" in favor of Continental Insurance Company which, according to Dunn's contention in the case now before us, assigned to Continental Total Frame's entire claim against Dunn and completely divested Total Frame of any interest in the claim against Dunn. Dunn, however, knew nothing about this assignment at the time. Total Frame continued to prosecute its Jackson County Circuit Court damage case against Dunn until August 30, 1988. Dunn after November 11, 1987, continued the preparation of its defense of the Total Frame lawsuit until Total Frame dismissed its lawsuit on August 30, 1988. Dunn during that period incurred attorney's fees and litigation expenses of $6,635.00, which it now claims as damages in its lawsuit against Total Frame.

The reason for Total Frame's assignment to Continental and the circumstances surrounding the same are explained by an agreement preceding the assignment and by the affidavit of Phillip L. Sharp, president of Total Frame. Continental was surety on performance bonds for ten Total Frame construction contracts (not including T–15, the Dunn contract) which Total Frame was unable to complete. Continental was required under its bonds to step in and complete the projects. Phillip L. Sharp and his wife were signators (along with Total Frame and two other Sharp corporations) of an existing indemnity agreement running to Continental, by which they had agreed to indemnify Continental against losses under the bonds. On November 11, 1987, Sharp and his wife and Total Frame agreed to assign to Continental, Total Frame's claim against Dunn on the T–15 project. Sharp in his affidavit explained: "In any event, the surety, Continental Casualty, wanted to protect itself from expenses and losses and wanted collateral security under their rights under a general indemnity agreement issued to get the bonds [Total Frame] needed." The assignment itself was executed the same day as the agreement to assign, and the assignment is set out in full later in this opinion.

On August 30, 1988, Total Frame voluntarily dismissed its damage claim against

Dunn in the Jackson County Circuit Court. On the same day, Continental Insurance Company as Total Frame's assignee filed the identical breach of contract claim against Dunn in the United States District Court for the Western District of Missouri.

## MALICIOUS PROSECUTION COUNT

Dunn maintains that Total Frame after the November 11, 1987, assignment to Continental was no longer a real party in interest, *see* Rule 52.01, and that its continued prosecution of the claim against Dunn was therefore without probable cause.

■ The basic and dispositive issue in this case, however, is not whether Total Frame was the "real party in interest" with the right to continue to maintain the damage claim against Dunn. The issue is rather whether Total Frame in continuing the prosecution of its damage claim against Dunn after November 11, 1987, *reasonably in good faith believed* it was the real party in interest with the right to continue to maintain the claim. If so, it had "probable cause" or "reasonable cause" to continue the litigation then pending in the Circuit Court of Jackson County. "Probable cause is reasonable cause and may be defined as the existence of such a state of facts as would warrant an ordinarily cautious and prudent man in the belief that the accused was guilty of the offense charged." *Higgins v. Knickmeyer–Fleer Realty & Investment Co.*, 335 Mo. 1010, 74 S.W.2d 805, 813 (1934); *see also, Dodson v. MFA Insurance Co.*, 509 S.W.2d 461, 467 (Mo. 1974); *Hughes v. Aetna Insurance Co.*, 261 S.W.2d 942, 949 (Mo.1953); *Kvasnicka v. Montgomery Ward & Co.*, 350 Mo. 360, 166 S.W.2d 503, 510 (1942). It is the malicious prosecution plaintiff's burden as a part of his case to prove defendant's want of probable cause to have initiated or to have continued to prosecute the original action against the malicious prosecution plaintiff. *Hoene v. Associated Dry Goods Corp.*, 487 S.W.2d 479, 483 (Mo.1972); *Kvasnicka*, 350 Mo. 360, 166 S.W.2d at 510;

*Hamilton v. Krey Packing Co.*, 602 S.W.2d 879, 881 (Mo.App.1980). Upon admitted established facts, it becomes a question of law and not of fact whether the malicious prosecution defendant had probable cause for the original lawsuit against the malicious prosecution plaintiff. *Alexander v. Laclede Gas Co.*, 725 S.W.2d 129, 130 (Mo.App.1987); *Zahorsky v. Griffin, Dysart, Taylor, Penner and Lay, P.C.*, 690 S.W.2d 144, 152 (Mo.App.1985); *McGuire v. Wilcher*, 689 S.W.2d 719, 721 (Mo.App.1985); *see Higgins*, 74 S.W.2d at 812–13.

■ We hold that the facts before the trial court and before us establish as a matter of law the existence of probable cause for Total Frame's continued prosecution, as a real party in interest, of the damage claim against Dunn after the November 11, 1987, assignment. In so holding, we do not need to go so far as to hold Total Frame was as a matter of law a real party in interest.

Total Frame under the authoritative cases could reasonably have believed and it could plausibly have been held, had the issue been presented for decision, that the assignment of November 11, 1987, did not divest Total Frame of its entire interest in the claim against Dunn but that it assigned to Continental Casualty only a right of subrogation. The issue of absolute assignment as against subrogation is more familiar to us in the insurance field. *See, e.g., C & M Developers, Inc. v. Berbiglia, Inc.*, 585 S.W.2d 176, 181–82 (Mo.App.1979); *Cantor v. Union Mutual Life Insurance Co.*, 547 S.W.2d 220, 225 (Mo.App.1977); *Holt v. Myers*, 494 S.W.2d 430, 437 (Mo.App.1973); *Kroeker v. State Farm Mutual Automobile Insurance Co.*, 466 S.W.2d 105, 109–11 (Mo.App.1971). We here set out the assignment in full:

## ASSIGNMENT

This Assignment is given by Total Frame Contractors and P.L. Sharp & Associates to Continental Insurance Compa-

ny, Surety on certain construction projects.

Total Frame Contractors and P.L. Sharp & Associates *agree to prosecute certain actions* pending in the Circuit Court of Jackson County, Missouri and in the Circuit Court of Clay County at 'Liberty, Missouri which suits involve claims for monies due on two construction projects commonly referred to as T–15 [the suit against Dunn pending in the Circuit Court of Jackson County] and Maple Woods Community College.

Total Frame Contractors and P.L. Sharp & Associates agree that *any monies recovered* from the foregoing lawsuits *will be paid* to Continental Insurance Company.

All claims for damages, negligence, malpractice, tort and liabilities of engineers, architects and all causes of action relating to these projects are preserved and may be maintained by Total Frame Contractors and P.L. Sharp and the *proceeds therefrom are not assigned.* (Emphasis added).

█ It could be persuasively argued that at least bare legal title to the claim against Dunn was retained by Total Frame. Bare legal title to a claim is sufficient to constitute one a real party in interest who can bring an action thereon. *Klein v. General Electric Co.*, 714 S.W.2d 896, 902 (Mo. App.1986); *Holt*, 494 S.W.2d at 437; *Hayes v. Jenkins*, 337 S.W.2d 259, 261 (Mo.App. 1960). Total Frame agreed to continue to prosecute the claim then pending against Dunn in the Circuit Court of Jackson County, and to pay to Continental Casualty any monies recovered in such litigation. The assignment draws a sharp distinction between the proceeds of the claim and the claim itself, a distinction which is recognized by the cases. An assignment of the proceeds of a claim is not an assignment of the claim. *Warren v. Kirwan*, 598 S.W.2d 598, 599 (Mo.App.1980); *Hayes*, 337 S.W.2d at 261–62; *Truitt v. National Life & Accident Insurance Co.*, 236 Mo.App. 1036, 161 S.W.2d 683, 686 (1942).

The facts before the court on the motion for summary judgment show that Total Frame did have probable cause for its continued prosecution of its damage claim against Dunn after the November 11, 1987, assignment until its voluntary dismissal on August 30, 1988. Summary judgment in favor of Total Frame and its attorney, defendant Gordon R. Gaebler, was therefore appropriate.

## VIOLATION OF RULE 55.03

█ *State ex rel. McMullin v. Satz*, 759 S.W.2d 839, 840 (Mo. banc 1988), and cases therein cited, tend strongly to support respondents' contention that Rule 55.03 furnishes no basis for an independent cause of action—but, if that were not so; Dunn still had no Rule 55.03 claim against Total Frame or Gaebler. The holding (that there was no want of probable cause for Total Frame's lawsuit against Dunn) disposes also of two other counts in Dunn's petition against Total Frame and Gaebler. Those counts are that Total Frame and its attorney, Gordon R. Gaebler, violated Rule 55.03 in signing the petition (and in not dismissing the same upon the November 11, 1987, assignment). Rule 55.03 is substantially like Rule 11 of the Federal Rules of Civil Procedure. It says, among other things:

> The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

This rule is for the obvious purpose of preventing and punishing the filing of frivolous, fraudulent or reckless lawsuits. *Dillard Dept. Stores, Inc. v. Muegler*, 775 S.W.2d 179, 185–86 (Mo.App.1989). Dunn's contention that Total Frame's damage ac-

tion (after the assignment) was frivolous, fraudulent or reckless, and that Total Frame and Gaebler were in violation of Rule 55.03 in continuing to prosecute it, is based upon Total Frame's alleged lack of real party in interest standing after the assignment—the same contention made by Dunn in support of its malicious prosecution count. But, as we have held above, Total Frame was at least arguably a real party in interest, with continued standing to prosecute the action after the assignment. Total Frame and Gaebler were not in violation of Rule 55.03.

## DUTY OF PLAINTIFF TO NOTIFY DEFENDANT OF ASSIGNMENT

■ Dunn complains that Total Frame did not notify it of the November 11, 1987, assignment to Continental Casualty. While this assignment would no doubt have been discoverable by Dunn, Dunn does not show us any authority or any reason Total Frame was under a duty voluntarily to disclose the information to Dunn.

## CLAIM FOR EQUITABLE RELIEF

■ Dunn then says that, if it stated no cause of action against Total Frame for malicious prosecution or negligent violation by Total Frame and its attorney of Rule 55.03, it is entitled to "alternative equitable relief" in that "it has been damaged by the defendant's act and it has no adequate remedy at law." This kind of nebulous claim for equitable relief on general principles invokes no substantive principle of law and states no claim upon which relief can be granted. What remedy it seeks by this count, and upon what theory, is a mystery.

## REMAND FOR AMENDMENT OF PETITION

■ Dunn next says that it should have been given an opportunity to file another amended petition supplying any defect or omission in the dismissed petition, which was itself a first amended petition. Apparently in this request it is treating the court's dismissal as a dismissal for failure to state a claim, rather than a summary judgment. We have held, *supra*, the dismissal was a summary judgment. Dunn does not show us what an amended petition might have added which would have stated a claim against respondents. We sometimes remand to allow the filing of an amended petition after trial and judgment, if plaintiff seems to have a meritorious case but has mistaken his remedy. *Petrie v. Levan*, 762 S.W.2d 103, 106 (Mo.App. 1988); *Fairbanks v. Chambers*, 665 S.W.2d 33, 40 (Mo.App.1984). That does not help plaintiff here. We decline Dunn's request that the cause be remanded to allow it to file an amended petition.

Judgment affirmed.

All concur.