MACONDO'S PROFIT CORPORATION,
d/b/a San Juan Car Service and
Family Car Service, Plaintiff,

v.

MOTOROLA COMMUNICATIONS AND
ELECTRONICS, INC., Defendant.

No. 92 Civ. 4522 (RLC).

United States District Court,
S.D. New York.

Sept. 8, 1994.

Richard R. Zayas & Associates, New York City, for plaintiff (Thomas L. Tedeschi, of counsel).

Kirkland & Ellis, New York City (Terrence J. Galligan, of counsel) and Kirkland & Ellis, Schaumburg, IL (Hans U. Stucki and Keith E. Graham, of counsel), for defendant.

## OPINION

ROBERT L. CARTER, District Judge.

Defendant, Motorola Communications and Electronics, Inc. ("Motorola"), seeks to dismiss this cause of action pursuant to Rule 12(c), F.R.Civ.P., because plaintiff, Macondo's Profit Corporation ("Macondo"), lacks standing. Plaintiff moves, pursuant to Rule 60(b)(1), F.R.Civ.P., for relief from two previous orders of the court, dated June 24 and July 7, 1993 (the "Orders"), which preclude plaintiff from introducing into evidence certain documents and testimony.

### I.

On January 3, 1989, Hector Santana entered into an agreement entitled "Amendment to Bill of Sale Executed in San Juan Puerto Rico on the Third Day of January 1989 For Sale of All Assets of Macondo's Profit Corporation" (the "Amendment") to sell Macondo to Julio Diaz. According to Diaz, the Amendment was needed because he could not make the payments required by the original agreement to purchase Macondo. Diaz testified that the Amendment represented a "new contract" entered into to sell Macondo "completely." (Diaz Dep. at 217–18.) It changed the purchase price for Macondo from $232,000 to $262,000, changed the annual interest rate from 10% to 12% and added an assignment to Santana of Macondo's interest in the instant litigation when commenced (the "Assignment").[1]

---

1. The Assignment reads, in relevant part,

    To guarantee the payment of the deferred debt in the amount of ... $262,000 and other good and valuable consideration, ... Macondo's Profit Corporation ... [as assignor], sets over, transfers, and conveys to Hector Santana ... [as assignee], all of his rights, title, interest, claims, and demands, in and to certain causes of action ... [against Motorola] .. in an amount calculated to be not less than a million

dollars.... Assignee shall be substituted in the full place and stead of assignor, plaintiff in the litigation.... Assignee shall assume any and all of assignor's liability that now exists or may arise out of the causes of action, the litigation, or this agreement.... This assignment is irrevocable and shall remain in full force and effect until and unless there is payment in full of the above obligation, the payment of which is secured by this agreement, or

On February 6, 1992, Macondo[2] and numerous individual livery drivers brought this action against Motorola alleging breaches of certain radio equipment sales agreements, misrepresentation and fraud. During the course of discovery, defendant moved for sanctions against plaintiffs for their refusal to comply with various discovery requests, and, while this motion was pending, on May 27, 1993, plaintiffs' counsel, Cyrus B. Adler, sought to withdraw from the action.

On June 22, 1993, the court granted Adler's motion and gave all plaintiffs until July 23, 1993 to have new counsel file a notice of appearance. According to the court's decision, the claim of any plaintiff without new counsel by the 23rd would be dismissed with prejudice, without any further action required by either Motorola or the court. On July 22, plaintiff's current counsel filed a notice of appearance on behalf of Macondo, however, no new counsel filed a notice on behalf of Santana or any other plaintiff by the court's deadline. Macondo, as the sole remaining plaintiff, now seeks to continue this action against Motorola.[3]

## II.

### A.

In evaluating a motion to dismiss, the court must view the pleadings in the light most favorable to, and draw all reasonable inferences in favor of, the non-moving party. *Madonna v. U.S.*, 878 F.2d 62, 65 (2d Cir. 1989). However, it may dismiss the complaint if it believes beyond doubt that the non-moving party cannot prove any set of facts which would entitle it to relief. *Id.; DeSantis v. U.S.*, 783 F.Supp. 165, 168 (S.D.N.Y.1992) (Conner, J.).

An unequivocal and complete assignment extinguishes all rights against the obligor (i.e., Motorola), and leaves the assignor (i.e., Macondo) without standing to sue. *Aaron Ferer & Sons, Ltd. v. Chase Manhattan Bank, N.A.*, 731 F.2d 112, 125 (2d Cir.

1984). However, Macondo contends that it maintained its right to sue Motorola because the Assignment was given only as security for an antecedent debt. *See id.; Fifty States Management Corp. v. Pioneer Auto Parks, Inc.*, 44 A.D.2d 887, 888, 355 N.Y.S.2d 856, 858 (4th Dept.1974).

Plaintiff, though, mischaracterizes the nature of the debt it owed to Santana. Arising out of Diaz' inability to make the payments required under the first agreement to sell Macondo, the Amendment was entered into to induce Santana to continue with the proposed sale of the company. Under the original agreement, Diaz agreed to pay Santana $232,000 with interest accruing at a rate of 10% per annum. Under the Amendment, however, Diaz owed Santana $262,000 with interest accruing at 12% per annum. Further, the Assignment, which was not a part of the original agreement, was added to the Amendment, ostensibly as a further inducement to Santana.

This, therefore, was not a situation in which an assignor merely provided additional collateral for a pre-existing, or antecedent, debt. *See, e.g., Agristor Leasing v. Barlow*, 180 A.D.2d 899, 900, 579 N.Y.S.2d 476 (3d Dept.), *appeal dismissed*, 80 N.Y.2d 826, 587 N.Y.S.2d 908, 600 N.E.2d 635 (1992) (antecedent debt where subject lease assigned as collateral security for unrelated, pre-existing loan); *In re Progressive Wall Paper Corp.*, 229 F. 489 (2d Cir.1916) (antecedent debt where amount of debt unchanged but new security for debt issued by debtor). Effectively, an old debt was extinguished, a new debt took its place, and at least one critical provision was added—the Assignment—so that the parties could consummate the transaction. *Cf. In re Hygrade Envelope Corp.*, 272 F.Supp. 451, 460 (E.D.N.Y.1967) (assignment of proceeds of insurance policy to secure future monetary advances not found to be given on behalf of antecedent debt), *rev'd on other grounds*, 393 F.2d 60 (2d Cir.1968)

---

until and unless such obligation is released in writing by assignee.

**2.** The complaint indicated that Santana was the assignee of Macondo's cause of action against defendant.

**3.** Macondo does not dispute that Santana's cause of action was dismissed when no notice of appearance was filed by the July 23 deadline.

(although reversing district court decision, reiterating principle that assignment to secure future advances not on behalf of antecedent debt).

Nor, contrary to plaintiff's claims, was the Assignment conditional or revocable. By its own terms, the Assignment was "irrevocable and in full force and effect" until either the purchase price was paid in full, or until Santana otherwise released Macondo. The Assignment, therefore, gave Santana the present right to pursue this litigation, and, other than to pay Santana all amounts due under the Amendment, plaintiff could not alter its terms. *See, e.g., Stathos v. Murphy,* 26 A.D.2d 500, 503–04, 276 N.Y.S.2d 727, 733 (1st Dept.1966), *aff'd,* 19 N.Y.2d 883, 281 N.Y.S.2d 81, 227 N.E.2d 880 (1967), *overruled on other grounds by, Harold Moorstein & Co. v. Excelsior Ins. Co. of Syracuse,* 25 N.Y.2d 651, 306 N.Y.S.2d 464, 254 N.E.2d 766 (1969) (assignment of all right, title and interest in cause of action unconditional, even though contingent upon practical burdens and risks of proof and enforcement of underlying claim); *Ivor B. Clark Co. v. Hogan,* 296 F.Supp. 398, 402 (S.D.N.Y.1968) (Tenney, J.) (assignment conditional where assignee's right to rents expressly conditioned upon future default by assignor under loan agreement). Macondo, having neither paid the amount due Santana nor having been otherwise released, cannot now claim that it has the ability to revoke the Assignment. Therefore, plaintiff lacks standing to maintain this action.

### III.

Having granted defendant's motion to dismiss plaintiff's complaint, the court also dismisses as moot plaintiff's motion seeking relief from the Orders. *See Karikar v. United States Attorney,* No. 92–2801, 1992 WL 320704, 1992 U.S.Dist. LEXIS 16280 (S.D.N.Y. October 26, 1992) (Sand, J.), *aff'd,* 993 F.2d 1533 (2d Cir.1993); *Grossman v. RCA Global Communications, Inc.,* No. 88–3441, 1991 WL 44837, 1991 U.S.Dist. LEXIS 3521 (S.D.N.Y. March 22, 1991) (McKenna, J.).

### CONCLUSION

The court grants defendant's motion to dismiss, and denies plaintiff's motion for relief.

**IT IS SO ORDERED.**